CLARKE (THOMPSON v.). See Case No. 13,951.

## Case No. 2,865.

### CLARKE et al. v. THRELKELD.

[2 Cranch, C. C. 408.] [1]

Circuit Court, District of Columbia. April Term, 1823.

#### REHEARING IN EQUITY.

A cause in equity in this court may be reheard if the petition for rehearing be filed before the end of the next term after the final decree, and if no appeal lies to the supreme court in that cause.

[Cited in Glenn v. Dimmock, 43 Fed. 551.]

This was a bill filed against Threlkeld and others, to obtain conveyance of a lot in Georgetown, to the complainants, in consequence of the deed, formerly made by Threlkeld to the ancestor of the complainants, of the same lot, having been lost before it was recorded. Threlkeld had no interest in the cause, and did not oppose the prayer of the bill. At June term, 1882, the court decreed that he should convey the lot to the complainants, and pay the costs. At the next term (October term, 1822) Taney, for the defendant, contended that the decree ought not to have been for costs. Key, contra, waived the formality of a petition for rehearing, and now, at this term (April term, 1823), consented that the court should consider the case as if the petition had been filed at October term, 1822. By the 31st rule of the equity practice of the courts of the United States, as prescribed by the supreme court, it is declared, that if no appeal lies to the supreme court, a rehearing may be granted, at the discretion of the court, at any time before the end of the next term after the final decree shall have been entered and recorded. The value of the lot decreed to be conveyed does not appear in the papers in the cause, but was supposed to be of less value than $1,000, so that it was a cause in which there could be no appeal to the supreme court.

THE COURT, under these circumstances, was of opinion (MORSELL, Circuit Judge, contra), that they had now a right to rehear the cause; and upon the rehearing, they ordered so much of the decree to be rescinded as regarded costs.

CLARKE (UNITED STATES v.). See Cases Nos. 14,809–14,813.

CLARKE (WHITE v.). See Cases Nos. 17,-540–17,542.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 2,866.

### CLARK PATENT STEAM & FIRE REGULATOR CO v. COPELAND.

[2 Fish. Pat. Cas. 221.] [1]

Circuit Court, S. D. New York. Feb., 1862.

PATENTS — "SAFETY APPARATUS FOR STEAM BOILERS"—VALIDITY—INVENTION — ANTICIPATION — CONSTRUCTION—DUTY OF COURT.

1. Clark's patent is for a mechanism, so organized and connected to the boiler of a steam engine or steam generator, that, when properly set to a given pressure in the boiler or generator, it will, automatically and promptly, by force of the pressure in the boiler or generator, open and close the damper, as the pressure in the boiler or generator rises above or falls below the figure at which the mechanism is set. In order to find this invention anticipated in a prior printed publication, the jury must find, from the evidence, that the description embodies substantially the same organized mechanism, operating substantially in the same manner as that described in Clark's patent.

[Cited in Gottfried v. Phillip Best Brewing Co., Case No. 5,633.]

2. Where a patent is offered in evidence as proof of prior invention, the construction of such patent, as of other written or printed instruments, is a duty which devolves upon the court.

[Cited in Goff v. Stafford, Case No. 5,504.]

3. It is a pertinent question, if the mechanism described in the prior patent was substantially the same as the plaintiff's, organized and capable of operating substantially in the same way, why, during the period of nearly thirty years that it was known to the world, it was not applied to the same use as the plaintiff's?

[Cited in Gottfried v. Phillip Best Brewing Co., Case No. 5,633.]

4. Old instruments, placed in a new and different organization, producing, in such new organization, different results, or the same results, by a new and different mode of operation, do not prevent such newly-organized mechanism from being patentable.

[Cited in Westinghouse v. Gardner, etc., Air-Brake Co., Case No. 17,450.]

5. With regard to the degree of mental labor and inventive skill required in the work of invention, the law has no nice or rigid standard. There must be some inventive skill exercised, but the degree of that skill is not material. It not unfrequently happens, in the progress of the mechanic arts. that the time arrives when the whole atmosphere of inventive thought is quickened with the life of an approaching discovery, that many liens of investigation and experiment, converging for a long time toward the point, almost. but not quite, reach it; when, at last, some mind, by a happy thought, supplies some new element, or instrument, or mode of organization, and instantly gives birth to the organized idea.

This was an action on the case [against Charles W. Copeland] tried by Judge SHIPMAN and a jury, to recover damages for the alleged infringement of letters patent [No. 5,254] granted to Timothy Clark August 21, 1847, and extended for seven years from August 21, 1861, for an "improved safety apparatus for steam boilers."

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]