Ranney, J.
The case sought to be reheard upon this petition,, was a bill of review filed by Sturges & Anderson v. Longworth & Horne, in the court of common pleas of Hamilton county, and from thence appealed to the district court, where it was reserved, for decision by this court. By *it a decree of the first- • named court, made several years since, was sought to be reviewed and reversed, for errors alleged to be apparent in the decree. A majority of this court, at its last term, reversed the decree, and remanded the cause to the court of common pleas for further proceedings, where it is now pending. After the decree of reversal was pronounced, and during the same term, this petition for rehearing was placed on file; but no action being had upon it, it was entered continued to the present term. Passing by all questions, as-to our power to entertain this petition after the cause has been remanded by this court to an inferior tribunal, either for execution or further proceedings, and also as to the effect of the code of civil- *92 •procedure upon it, tbe inquiry presents itself at the outset, whether rehearings in equity cases belong to the rules and practice which govern this court, or rightfully constitute any part of its course of procedure in such cases. As bearing upon its ability to dispose of the large amount of business legitimately brought before it, without unreasonable delay, and to enable the judges to meet the requirements of the constitution in the performance of circuit duty in the district courts, it becomes a question of much practical importance. We have carefully considered it, aided by the practice •of other courts, similarly constituted, and have arrived at the conclusion that petitions of this character ought not to be entertained.
Section 56 of the “ act directing the mode of proceeding in chan•cery” (Swan’s Stat. 715) has no application to this court, or its predecessor, the court in bank, as was held in Carlisle v. McDonald, 7 Ohio, 267, pt. 1. We are therefore to be “ governed by the known usages of courts of equity,” as understood and applied in England, and in courts of chancery in the United States.
On recurring to the practice of these courts, it will be found that •a distinction has obtained between courts of original jurisdiction, and those exorcising appellate jurisdiction only: in the former, rehearings have uniformly been allowed, and *in the latter, almost as uniformly refused. The court of chancery in England is a court of original jurisdiction, and according to its general practice, where the application has been sanctioned by the signature of two counsel, one rehearing is a matter of course. But it •can never be had after the enrollment of the decree; nor does it have the effect of vacating the decree already made, unless, upon hearing the merits of the petition, the chancellor should see cause to vacate or modify it, to meet the law and justice of the cause.
In this country, rehoarings have not been allowed upon the certificate of counsel, but only upon good cause shown to the satisfaction of the court, or judge, to whom the application is made; and in this state, under the statute to which I have referred, they may be allowed after the decree is recorded, if within thirty days of the term, and when allowed, have always been regarded as vacating the decree, and opening up the whole case as fully as a new trial in an action at law.
In the House of Lords, in England, to which the appeal lies from the court of chancery, a rehearing is altogether unknown. The *93 question was recently made in the Supreme Court of the Enited States, in the case of Brown v. Aspden, 14 How. 25, in which it was. held that the rules of the English Court of Chancery, in respect to. rchearings, had not been adopted by that court-that they were only applicable to a court of original jurisdiction, and were not appropriate to an appellate court.
Chief Justice Taney, in delivering the opinion, after alluding in forcible terms to the natural result of this practice in that court, of producing enormous expenses, and delays oftentimes ruinous, to suitors, proceeds to say: “ If this court should adopt a practice analogous to that of the English chancery, wo should soon find ourselves in the same predicament; and wo should be hearing over again at a second term almost all the cases which we had heard and adjudged at a former one, and upon which our own ojnnionswould have been definitely made up upon the first argument. We *deem it safer to adhere to the rule we have heretofore acted on. And no re-argument will be granted in any case, unless a, member of the court who concurred in the judgment desires it; and when that is the case, it will be ordered without waiting for the application of counsel.”
The organization of this court is such as to make these remarks-peculiarly applicable to our situation, and to make it manifest that no reason can be given for adopting the practice in the Supreme Court of the Enited States that does not equally apply here. We-do, therefore, adopt it, without assuming any infallibility for our judgments, because we believe, upon the whole, that the cause of justice will be promoted by it. There must at some time be an end of litigation, not only for the benefit of the parties to each particular case, but to enable others standing behind them, to have-their rights determined.
We do not intend, in coming to this conclusion, to deprive ourselves of the power of controlling our own journal during the term of the court. If, therefore, any matter of fact has been overlooked in making a decision, it can be brought to our attention, and any necessary correction can be made. Much less do wo intend to deny to this court the power possessed by all courts, of setting aside jndgments and decrees obtained by fraud, mistake, or irregularity.
What we do intend to deny, is the right of the parties to compel us to reinvestigate the merits of a controversy once determined,, *94 'by the petition for rehearing, used in the English Court of Chan- • cery, and other courts of original jurisdiction.
The petition must be dismissed.