THE STATE *ex rel.* THE NEW YORK LIFE INSURANCE COMPANY v. PHILIPS *et al., Judges of the Kansas City Court of Appeals.*

1. **Practice :** EFFECT OF FILING MOTION FOR REHEARING: CONTINUANCE. The filing of a motion for rehearing after the adjournment of court for the term, under an order permitting it to be done, has the effect of continuing the cause to the ensuing term, and the opinion filed does not become the opinion of the court until the motion is disposed of.

The State ex rel. The N. Y. Life Ins. Co. v. Philips.

2. ———: TRANSFER OF CAUSE TO SUPREME COURT: CONSTITUTION: MANDAMUS. Under section 6 of the amendment to the constitution concerning the judicial department, providing that when one of the courts of appeals " shall render a decision which any one of the judges therein sitting shall deem contrary to any previous decision * * * of the supreme court," such " court of appeals must, of its own motion, pending the same term," certify and transfer the cause to the supreme court which shall proceed with it as in a case where jurisdiction is obtained by ordinary appellate process, when it becomes the duty of the court of appeals, pending a term, to so certify a cause and it fails to do so, it cannot do so of·its own motion, after the term has expired; but *mandamus* will lie to compel the transfer after the expiration of the term.

3. ——— : ——— : ——— : ——— . It becomes the duty of the court of appeals to certify the cause to the supreme court only when one of the judges sitting in it gives it as his opinion that the decision is contrary to a previous decision, and his opinion must be communicated to the majority of the court by an explicit statement in the form of an opinion filed by him in the cause.

## *Mandamus.*

PEREMPTORY WRIT DENIED.

*Hough, Overall & Judson* for relator.

*Smith, Silver & Brown* for respondents.

BRACE, J.—At the March term, 1887, of the Kansas City court of appeals and on the sixth day of June, 1887, an opinion was delivered by the judges of said court, in the case of Peyton F. Greenwood *vs.* The New York Life Insurance Co., the relator herein, then pending in said court on appeal from the circuit court of Adair county, affirming the judgment of said court in favor of said Greenwood. On the same day the court of appeals· adjourned until court in course, first having caused an order to be entered of record, permitting parties to file motions for rehearing in all causes decided on said sixth day of June, within ten days thereafter. Within the time allowed, the relator filed its motion for a rehearing

in said cause, which coming on to be heard at the next ensuing October term, was, on the eighth day of October, 1887, overruled. Afterwards, during said term, the relator filed its motion, suggesting that the decision was, in the opinion of one of the judges sitting in said cause, contrary to a previous decision rendered by the supreme court, and praying that the cause be certified to the supreme court. This motion coming on to be heard during said term, was on the twentieth of February, 1888, overruled, and relator's prayer denied, and on the same day said court adjourned until court in course, the next term of which began on the first Monday in March following, without having certified and transferred said cause to the supreme court.

On the fifth day of March, 1888, the relator made application to the supreme court for a writ of *mandamus* compelling said judges of the Kansas City court of appeals to certify and transfer said cause to this court. An alternative writ was issued and served upon the respondents and to their return to that writ setting up the foregoing facts, the relator demurs, and the questions to be determined arise upon the demurrer to the sufficiency of the return.

I.    By the late amendment to the constitution, "concerning the judicial department," it is provided that "two terms of the Kansas City court of appeals shall be held, one on the first Monday of March and one on the first Monday of October." Section 6 of the amendment provides : "When any one of said courts of appeals shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said courts of appeals, or of the supreme court, the said court of appeals must, of its own motion, pending the same term and not afterward, certify and transfer said cause or proceeding and the original transcript therein to the supreme court, and thereupon the supreme court must rehear and determine said cause or proceeding, as in case of jurisdiction

obtained by ordinary appellate process." Laws 1883, p. 216.

It is quite too plain for argument that the effect of the order made by the court of appeals on the last day of the March term allowing ten days thereafter to parties to file motions for rehearing in cases in which opinions were delivered on that day, and the filing by the relator of its motion within that time, was to continue the cause to the ensuing October term. The opinion did not become the decision of the court upon which a judgment could be entered until that motion was disposed of. The decision of the court in the cause, then, was rendered at the October term. It is equally plain that under the constitutional provision the court had the whole of that term in which to certify and transfer the cause to the supreme court, if it became, at any time during the term, its duty to do so. If it did not become its duty to certify the cause during the term, it could not become so afterward and after the term the court could not of its own motion certify and transfer the cause; but if it did during the term become its duty to do so, and they failed to discharge that duty, it is no answer to the writ of *mandamus* commanding them to perform that duty, to say that it was our duty under the constitution to perform the act, during the term; we failed to perform that duty and now we have no power to act. The supreme court has power to command the performance of a neglected duty, and although your neglect has rendered you powerless to do it upon your own motion, its command carries with it the power to do the act required. The constitution has placed no such restriction of time upon the exercise of its power to command the performance of neglected duty, and when that duty is performed, under its mandate, it is by virtue of and in obedience to the power of that mandate and not *sua sponte*, by virtue of the power given by the constitution which created the duty which has been

neglected. The provisions of the constitution enacted
for the purpose of securing a prompt performance of a
duty by prescribing a period of time within which it
must be done, cannot be defeated by delay to perform
that duty until the allotted time has expired. It does
not follow, because the court is forbidden on its own
motion to transfer a cause after the term in which the
decision was therein rendered, that they may not be
compelled to do so by *mandamus* if it was their duty to
transfer it during the term, and they failed to do so.

II. It is contended for the relator that at the October
term of the court, it did become the duty of the judges
thereof to certify and transfer the cause to this court,
on the ground that Judge HALL, one of the judges
therein sitting, "deemed the decision therein rendered
at said term contrary to a previous decision of the
supreme court," and in support of this contention we are
cited to the language of that decision. The point of
difference between Judge HALL and the majority of the
court will appear from the following extracts from the
opinion. Judge HALL, who delivered the opinion of the
court, speaking for himself, says : "The judgment in
this case cannot be upheld on the ground of such ratifi-
cation, because no such issue was made by the plead-
ings. Ratification must be pleaded. *Wade v. Hardy*,
75 Mo. 399. The plaintiff, to maintain this action on
the ground of defendant's ratification, had to plead such
ratification in express terms, or by the allegation of
facts from which ratification would have been necessa-
rily implied. The allegation of facts from which ratifi-
cation might have been inferred, is not sufficient. The
facts alleged to raise the issue of ratification by force of
the allegation of them, had to conclusively show ratifi-
cation. * * * In the petition, ratification was not
pleaded in express terms, neither was ratification pleaded
by the allegation of facts from which it was necessarily
implied. * * * In my opinion the judgment should

be reversed and the cause remanded." And in speaking for the majority of the court, he says : "They are of opinion that the facts pleaded in the petition and proved at the trial are equivalent to a ratification by the defendant company. As it is distinctly alleged in the petition, that notwithstanding the provision of the policy directing the payment of premiums to be made in the city of New York, or to the agent, yet, the plaintiff thereafter for a period of nine years made such payments at the Kirksville Savings Bank, according to the understanding had with the agent, Woodfin, and the defendant during all this period recognized the act by the receipt of the money through this bank, the majority hold that these facts would constitute a ratification."

The respondents in their return say, in substance, that the decision rendered in said cause was not deemed by Judge HALL to be contrary to the previous decision of the supreme court in the case of *Wade v. Hardy*, *supra*, and not having claimed that it was in conflict with any controlling decision of the supreme court, and not having asked that the cause be certified to the supreme court, they could not, under a sense of official duty, so certify the same. This is a full and sufficient return to the writ, and shows good reason why the cause was not certified. It could only become the duty of the court to certify, when in the opinion of one of the judges sitting in the cause, the decision was contrary to a previous decision, and after that opinion had been communicated to the majority of the court by an explicit statement that such was his conclusion, in an enduring form, in the shape of an opinion filed by such judge in the cause. This is the only way in which the court can authoritatively know that he is of the opinion that such decision does conflict with a previous decision. The opinion rendered is not inconsistent with this return.

It will be observed that there is no disagreement in

the opinion between Judge HALL and the majority of the court upon the legal proposition that "ratification must be pleaded," in support of which he cites *Wade v. Hardy.* That citation would not have been out of place as an introduction to the language in which the position of the majority of the court is stated. The difference between them was in the application of the principle to the facts of the case in hand, but it is not intimated, much less expressed, by Judge HALL, that he deems the application made by the court of that principle in that case in conflict with the decision in the case of *Wade v. Hardy,* or any other decision of this court. Even if the majority of the court, from the language used, might deduce the conclusion that such was his opinion, a certificate could not be predicated upon such a deduction. Their act of certification is purely ministerial, and their duty to perform it must be clear and unmistakable, and not dependent upon the solution of a judicial question. It is for the dissenting judge to solve that question in his own mind and conscience, give it expression in authentic form upon the records of the court, in explicit terms, and only when this is done, does it become the duty of the court to certify and transfer the cause.

It thus appearing that it never became the duty of the court of appeals to certify and transfer the cause of *Greenwood v. The New York Life Ins. Co.,* to this court, the demurrer to the return is overruled, the peremptory writ prayed for denied, and this cause dismissed at the cost of the relator. All concur, except RAY, J., absent.