GLENN v. NOONAN et al. SAME v. LOCKWOOD et al. SAME v. LUCAS et al. SAME v. DIMMOCK et al.

(Circuit Court, E. D. Missouri, E. D. September 20, 1890.)

EQUITY—PRACTICE—REHEARING.
    Under equity rule 88, in a non-appealable case. a rehearing cannot be granted after the lapse of the term succeeding that at which the final decree was entered, although the petition is filed at the same term at which the decree was rendered.

In Equity. Motion for a rehearing. For former report, see 23 Fed. Rep. 695.

*Thomas K. Skinker,* for complainant.

*Thos. C. Fletcher,* for defendants Noonan et al.

*Noble & Orrick,* for defendants Lockwood et al.

*W. H. Clopton* and *Lee & Ellis,* for defendants Lucas et al.

*John W. Dryden,* for Dimmock et al.

THAYER, J. These cases are all alike. The record shows that at the September term, 1886, of this court, and at the March term, 1887, demurrers to the several bills were filed and sustained; that the complainant declined to plead further, whereupon a final decree was rendered and entered of record in each case, dismissing the bill, and at the same term petitions for rehearing were filed in the several suits. In some of the cases, the record recites that the petition for a rehearing "was continued until the next term," and in others, that the continuance was "until the further order of the court." No action has since been taken on the several petitions for rehearing, for the reason that, until recently, a cause has been pending in the United States supreme court involving the same question raised by the several demurrers, and the petitions, by tacit consent, as it would seem, have not been called up. At all events, neither party has hitherto insisted upon a hearing of the petitions. There is no stipulation of record, however, or on file, signed by the parties, consenting that action on the petitions might be deferred, which by any possibility can operate as an estoppel, and thus preclude the defendants from insisting, as they now do, that the court has no power at this time to disturb the several decrees. By the established rules of

chancery practice, a rehearing cannot be allowed after a decree is enrolled or entered of record. After enrollment or entry of record, a decree could not, as it seems, be disturbed or altered, except by appeal or a bill of review. *Brown* v. *Aspden*, 14 How. 25; *Clapp* v. *Thaxter*, 7 Gray, 384; 2 Daniell, Ch. Pr. 1019, 1475, 1476. But equity rule 88 modifies the practice in the federal courts to some extent by providing that—

"No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court. But if no appeal lies, the petition may be admitted at any time before the end of the next term of court, in the discretion of the court."

This rule was, in effect, held to be mandatory in *Roemer* v. *Simon*, 91 U. S. 149. Chief Justice WAITE said in that case, with reference to a suit that was susceptible of appeal, and hence within the first clause of the rule: "The court below cannot grant a rehearing after the term at which the final decree was rendered. Equity Rule, 88."

It seems clear, therefore, that, by the lapse of several terms since the decrees in these cases were made and entered of record, the court has lost its power to grant the petitions for a rehearing. The defendants are practically out of court, with a decree in their favor which the court is powerless, at this time, to disturb on a petition for rehearing. The petitions for a rehearing must accordingly be denied, and the cases be taken from the docket. It is so ordered.