GLENN *v.* DIMMOCK *et al.*    SAME *v.* LOCKWOOD *et al.*    SAME *v.* LUCAS *et al.*

*(Circuit Court, E. D. Missouri, E. D.    October 10, 1890.)*

1. REHEARING IN EQUITY—TIME OF GRANTING.
    Equity rule 88 declares that a rehearing shall not be "granted" after the lapse of the term at which the final decree is entered, and provides that in non-appealable cases a petition for a rehearing may be "admitted" before the end of the next term after final decree. *Held,* that the word "admitted," as used therein, is synonymous with the word "granted," and that the effect of the rule is to deprive the court of the power to grant a rehearing in any case after the lapse of the term next succeeding the entry of a final decree.

2. SAME—AFTER TERM SUCCEEDING DECREE—WAIVER.
    An order sustaining a petition for a rehearing after the lapse of the term next succeeding the entry of a final decree is utterly void, and cannot be validated by any action of defendant in taking leave to plead, etc.

In Equity. On motions to set aside orders overruling petitions for rehearing.

*Thomas K. Skinker,* for plaintiff.

*John W. Dryden, Noble & Orrick, Lee & Ellis,* and *W. H. Clopton,* for defendants.

THAYER, J., *(orally.)* The opinion heretofore expressed in these cases (the same not being appealable) that the court could not, under equity rule 88, grant a rehearing after the lapse of the term succeeding that at which the final decrees were entered, has been challenged in two respects. In the first place, chiefly on the strength of a remark made in the case of *Giant-Powder Co.* v. *Cal. Vigorit Powder Co.,* 5 Fed. Rep. 202, it is contended that, if a petition for a rehearing is filed during the term at

which the final decree is rendered, the petition may be granted at any subsequent term. That particular question, however, was not before the court for determination in the case referred to; hence the remark made ought not to control the disposition of a case where the precise point is presented for decision, any further than it is found to be supported by reason or authority. The first clause of rule 88 declares that a rehearing shall not be "granted" after the lapse of the term at which the final decree is entered, and the last clause provides that in non-appealable cases a petition for a rehearing may be "admitted" before the end of the next term after final decree. The first clause of the rule is not open to controversy as to its meaning, because the language is explicit that no rehearing shall be granted after the term. To my mind the meaning of the last clause is equally manifest, notwithstanding the use of the word "admitted" in place of the word "granted." The object of the rule was to put an end to litigation,—to fix a time after final decree beyond which the prevailing party should not be kept in court; and surely there was and is as much reason for limiting the time within which a rehearing might be granted in non-appealable cases, as in cases that were subject to appeal. It must also be borne in mind that in legal parlance the word "admitted" is frequently used as synonymous with the words "granted" and "allowed." Furthermore, the eighty-eighth rule, as a whole, is a modification of the old rule of procedure in the English chancery court, which did not permit a petition for rehearing to be entertained after the enrollment of a decree; and, according to well-known canons of construction, the defendants are entitled to invoke a strict interpretation of the rule. All of these considerations lead me to the conclusion that the word "admitted" and the word "granted," as used in the eighty-eighth rule, have the same meaning, and that the effect is to deprive the court of the power to grant a rehearing in any case after the lapse of the term next succeeding the entry of a final decree.

The precise point under consideration does not appear to have arisen in any adjudged case, but, from expressions found in numerous decisions it is manifest that the views above stated are in harmony with the opinion generally entertained as to the meaning and effect of the eighty-eighth rule. *Cameron* v. *McRoberts*, 3 Wheat. 591; *McMicken* v. *Perin*, 18 How. 508; *Scott* v. *Blaine*, 1 Baldw. 287; *Scott* v. *Hore*, 1 Hughes, (U. S.) 163; *Sheffey* v. *Bank*, 33 Fed. Rep. 315; and see decisions formerly cited; *Roemer* v. *Simon*, 91 U. S. 149; *Brown* v. *Aspden*, 14 How. 27. The case of *Clarke* v. *Threlkeld*, 2 Cranch, C. C. 408, is so imperfectly reported that it is not entitled to much weight as an authority. The motion in that case appears to have been acted upon by consent of parties.

It is next insisted that in any event the defendants in the case of *Glenn, Trustee,* v. *Lucas et al.,* have waived their right to insist on the finality of the decree entered at the March term, 1887, in consequence of action by them taken at the present term. Such contention is based on the following facts: Early in the present term (September, 1890) complainant's solicitor moved that the petition for a rehearing be sustained, and the motion was granted. Afterwards, and on the same day, the defend-

ants took leave to answer the original bill. Some days later in the term, and before an answer was filed, the court vacated the order sustaining the petition for a rehearing, its attention having in the mean time been directed to the mandatory character of equity rule 88. Viewing the case as one in which the decree became final at the September term, 1887, and in which the court had lost all jurisdiction over the defendants for the purpose of either vacating or altering the decree, I am of the opinion that the order made at the present term, on complainant's motion only, sustaining the petition for a rehearing, was utterly void, and that such order was not validated, or in any manner affected, by the subsequent action of the defendants in taking leave to plead. ·

The case at bar stands on a different footing from that of *Toland* v. *Sprague*, 12 Pet. 300, and other like cases, in which a defendant having an election to appear and defend in a given court, or not to appear, voluntarily entered his appearance therein, and thus waived his privilege. In the present case the court had no control over the final decree at the time it attempted to vacate the same; and, even though it be conceded to complainant that the court may vacate a decree after it has become final by consent of parties made and entered of record, yet in the case at bar no act was done tantamount to giving such consent. The former orders made in these cases, overruling the petitions for rehearing filed at the March term, 1887, appear on further consideration to have been proper, and they will be permitted to stand.