State ex rel. v. Bland.

## STATE ex rel. HEZEL v. BLAND et al.

### In Banc, March 21, 1899.

148  625
s155  394

1. **Appeals**: WHEN JUDGE SITS IN CASE. It is not necessary that a judge of an appellate court should meet with the other judges at every stage of a case before he can be considered as sitting therein.

2. ———: ———: CASE STATED. This case was appealed to a court of appeals, and all three judges were on the bench when it was argued and submitted, and then, without a consultation as to its merits, it was assigned to the presiding judge to prepare the opinion. Afterwards the three judges in consultation agreed that the decision would be withheld pending a decision of a like case in the Supreme Court, and when that Supreme Court decision was published the judge to whom the case had been assigned prepared the opinion, which after consultation between two of the judges, the other being absent, was delivered as the opinion of the court, only the two judges being on the bench at the delivery. Then a motion for rehearing was filed within the proper time, and while it was pending the judge who did not sit at the delivery sent a note to the presiding judge stating he considered the majority opinion in conflict with the said previous decision of the Supreme Court and that he was in favor of sustaining the motion for a rehearing, to which the presiding judge replied that he and the other judge had talked the matter over and had concluded to overrule the motion. On the next delivery day, and during the same term, all the judges being present on the bench, the one who had been absent when the majority opinion was handed down, delivered a dissenting opinion, in which he stated that he regarded the said decision of the Supreme Court as the last controlling decision on the subject involved, and that the majority opinion was in conflict therewith, and requested that the case be certified to the Supreme Court. The record of the court shows an order was made reciting that this dissenting opinion containing the judge's request that the case be certified to the Supreme Court had been filed, but as he "was not sitting and took no part when the opinion and the judgment were rendered herein by this court, a majority of the judges are of the opinion that no ground for certifying this cause exists within the meaning of the Constitution." *Held*, that said judge did sit in the case, and was entitled to file his dissenting opinion, and to vote on the motion for a rehearing, and the case must be certified to this court, and relator is entitled to his peremptory writ in mandamus.

---

---

## *Mandamus.*

PEREMPTORY WRIT AWARDED.

HIRAM J. GROVER and DENIS DEVOY for relators.

(1) "A judge sitting in a case," must be one to whom a case has been submitted for decision; that is to say, for the application of the law to the facts, which are produced before him. Such application of law to facts may be made without either oral or written argument, and without consultation with any one. (2) Under this definition of a "judge sitting in a case," mere "sitting" on the bench, hearing the oral argument, and the reading of briefs, constitute a means to an end, to wit, the exercise of a judicial function. This application of law to the facts in appellate courts is chiefly done by the judges when off of the bench. They may be performing this judicial function in their chambers, or at their homes, many hundreds of miles from the place in which the case was submitted, and entirely separated from the other judges, who heard the argument with them. The record may be locked up, but the mind of the judge is not locked up with it. With a judge who has heard oral argument, or who has read briefs on the same issues in another case, judicial rumination goes on. (3) Judge Biggs did sit in this case within the true spirit and meaning of section 6 of the amendments of 1884 to the Constitution. Upon his dissenting opinion being filed in the case, asking that the case be certified to this court, that should have been done. (4) The filing of the opinion of Judge Bland concurred in by Judge Bond, on the twenty-first day of June, 1898, did not constitute a decision of this case. State ex rel. v. Phillips, 96 Mo. 573.

ADIEL SHERWOOD for respondents.

(1) A judge is not "sitting" in "any cause or proceeding" within the meaning of the Constitution, who merely hears an

oral argument on the part of appellant, who knows nothing of the facts contained in the record, who never saw any brief on behalf of appellant (and none were filed by respondents) and who is absent from the State when the majority of the court discusses the facts contained in the record and considers the law applicable thereto and agrees upon and hands down an opinion announcing their conclusion and judgment. (2)   Nor does the fact that such judge returns on Saturday, before final adjournment on Tuesday following, at the request of the attorneys for the defeated parties, from another State (after the majority of the court, of which he is a member, not expecting his return, not even knowing his whereabouts, having considered a motion for rehearing have agreed in consultation that it should and shall be overruled), and then prepares a dissenting opinion and files it on Tuesday, when the entry overruling the motion is made of record, make him a judge "therein sitting."   (3)   The words "therein sitting" are used here in their legally accepted meaning.   "Therein" means "in that," and refers back to "cause or proceeding." As applied to any one of the judges of a court of appeals containing three judges, they mean that said judge shall have participated with the other two judges in the consideration of the facts contained in the record and the law applicable thereto, that he has with the other two judges in such participation and consideration reached a determination and agreed upon an opinion announcing their conclusion and judgment.   A motion for rehearing does not affect the judgment entered in an appellate court as a result of its announced opinion.   Andrews v. Hovey, 124 U. S. 694; Ex parte Craig, 130 Mo. 594; Sparks v. Life Ind. Co., 61 Mo. App. 117. (5)   There is some similiarity between a motion for new trial and a motion for rehearing.   It is held here in this State that a motion for a new trial does not affect the judgment entered upon the verdict, because an execution may issue with a motion for new trial pending and not determined.   St.

Francis Mill Co. v. Sugg, 142 Mo. 358; Ex parte Craig, 130 Mo. 594; Childs v. Railroad, 117 Mo. 477; State ex rel. v. Philips, 96 Mo. 570.   (6)   Any two of the judges of the St. Louis Court of Appeals constitute a quorum of the court and exercise all of the powers and functions of the court.   Sec. 14, art. VI, Constitution. (7) There is every presumption in favor of the correctness of the judgment or action of an appellate court.   Ex parte Craig, 130 Mo. 594; State ex rel. v. Smith, 105 Mo. 6; Herndon v. Hawkins, 65 Mo. 265; Bauldin v. Ewart, 63 Mo. 330; Small v. Field, 102 Mo. 120; State v. Duestrow, 137 Mo. 76; Kundoff v. Thalheimer, 12 N. Y. 596; Steamboat Co. v. Baldwin, 14 N. J. L. 442; State v. Caffey, 2 Murphy (N. C.) 320; In re Estate of McCausland, 52 Cal. 568.

VALLIANT, J.—This is an application for mandamus to compel respondents, who are judges of the St. Louis Court of Appeals, to certify and transfer to this court a cause in which that court has rendered a decision which, it is alleged, one of the judges therein sitting deems contrary to a previous decision of this court.   The respondents in their return say that the judge who deems the decision contrary to a previous decision of this court did not sit in the case, and for that reason they refuse to certify it up to this court.

There is a motion on file by respondents to strike out certain evidence but it will not be necessary to pass on the motion, since it will not be necessary to look into the evidence; the petition and return to the alternative writ show admitted and undisputed facts sufficient for a determinaton of the case; from which sources we gather the following facts:

At the March term, 1897, a suit was pending in the St. Louis Court of Appeals from the circuit court of the city of St. Louis, wherein the Barber Asphalt Company, plaintiff below, was appellant, and Morris Hezel and others, the relators herein, defendants below, were respondents.   The cause came on for hearing in the St. Louis Court of Appeals on

March 26, 1897, before the Honorable Charles C. Bland, the Honorable William H. Biggs and the Honorable Henry W. Bond, then and now constituting that court; all three of those judges were on the bench at the time and the cause was then argued by counsel and duly submitted to the court and taken under advisement. After the case was submitted, without consultation on its merits, it was assigned to Judge Bland to prepare an opinion; afterwards and before an opinion was prepared, the three judges in consultation together agreed that because they were informed that a cause was then pending in this court involving the same questions of law, it would be advisable to withhold a decision of the case they had until they should see the decision of this court in the case they were informed was here. The opinion of this court in that case reached the court of appeals June 7, 1898; then pursuant to the understanding Judge Bland turned his attention to the case in question, and prepared an opinion which, after consultation with Judge Bond, Judge Biggs being absent, was, on June 21, delivered as the opinion of the court directing a judgment reversing the judgment of the circuit court and remanding the cause. When the opinion was delivered from the bench, only Judge Bland and Judge Bond were present. The opinion is signed by Judge Bland, and this memorandum at the foot: "Judge Bond concurs, Judge Biggs, absent."

On June 30, within the time allowed by the rules of the court, relators, defendants in that suit, filed a motion for rehearing; on July 5, during the same term, and before the motion for rehearing was overruled, the three judges present on the bench, Judge Biggs delivered a dissenting opinion, in which he cited the case of Verdin v. St. Louis, 131 Mo. 26, and therein stated that he regarded that as the last controlling decision on the subject involved, and that the majority opinion filed June 21 was in conflict with that decision, and requested that the cause be certified to the Supreme Court.

The action of the court on that request is expressed in its record of July 5, as follows: "Now at this day there is filed a dissenting opinion by Judge Biggs, asking that this cause be certified to the Supreme Court of this State, but as Judge Biggs was not sitting, and took no part when the opinion and judgment were rendered herein by this court on the 21st day of June, 1898, reversing and remanding this cause, a majority of the judges of this court are of opinion that no ground for certifying this cause exists within the meaning of section 6 of the amendment to the Constitution of Missouri, limiting and defining the jurisdiction of this court." After which the motion for rehearing was overruled.

Immediately on the refusal of the court to certify the case, as Judge Biggs had requested, the relators by their counsel then present asked leave to file a motion to that effect, but the court refused their request, and then adjourned for the term. It is stated in the reply and, without looking into the evidence, for the purpose of this suit we will take it for true, that there was never any consultation on the merits of the case between Judge Biggs and the other two judges; that after the majority opinion was filed, and while the motion for rehearing was pending, Judge Biggs sent a written memorandum to Judge Bland in which he stated that he considered the majority opinion in conflict with the decision in Verdin v. St. Louis, and he was in favor of sustaining the motion for rehearing, but Judge Bland by similar means informed Judge Biggs that Judge Bond and himself had previously talked the matter over and had agreed to overrule the motion and that would be the order. Then Judge Biggs, without further interchange of views on the subject with the other two judges, or either of them, prepared his dissenting opinion, which was delivered on July 5.

The only question presented for our consideration by this record is, did Judge Biggs sit in that case?

Judge Biggs was on the bench when the case was argued, and submitted and taken under advisement; the case then rested as much on his conscience as that of the other judges; its assignment to another judge in no sense withdrew the responsibility from him; he counseled with the other members of the court on the wisdom of waiting for further light on the subject from this court; within a few days after the majority opinion was delivered, and during the same term, and while the motion for rehearing was pending, he communicated to the writer of the opinion his views, and cited a decision of this court which he thought was being contravened, and expressed his opinion that the motion for rehearing ought to be sustained. It appears from the return that Judges Bland and Bond, before the return of Judge Biggs, consulted on the motion for rehearing, and after due deliberation came to the conclusion that it ought to be overruled. But it by no means follows that because they had agreed on the opinion in the first instance they would agree to overrule the motion for rehearing. A motion for a rehearing is a very serious stage of the case; it often saves the court from error and the party from wrong. The case is pending for all there is in it, in the appellate court, until that motion is overruled. [State ex rel. v. Philips, Judge, 96 Mo. 570.] Now suppose Judges Bland and Bond had become divided in opinion, one favoring granting and the other denying the motion, then Judge Biggs' vote would have accomplished an entire change in the case; yet his vote was as valid when it stood alone for the rehearing, as it would have been if it had been cast with the majority.

While the motion was pending, if Judge Biggs thought the decision was wrong it was his duty as a judge to exert his influence to correct the error. It is not necessary that a judge of an appellate court should be in session with the other judges at every stage of the case in order to enable him to perform any duty which his mind and conscience dictate

in reference to the case; and it is not necessary that he should take part in every stage before he can be considered as sitting in it.

Under the facts of this case, Judge Biggs is to be adjudged as having sat in it; was entitled to file his dissenting opinion, and, upon his statement that he deemed the majority opinion contrary to the decision he mentioned, that court ought to have certified and transferred the cause to this court in accordance with the requirement of section 6 of the amendment of 1884 of the Constitution.

The peremptory writ of mandamus is awarded. All concur, except Judge BURGESS, absent.