# THE STATE ex rel. W. G. LOGAN v. JAMES ELLISON et al.

### In Banc, March 30, 1916.

1. **JUDGMENT: Finality: Setting Aside at Subsequent Term.**
   After a final judgment has been rendered at one term, the court, in the absence of a statute to the contrary and of a pending motion or other proper step to carry the case over to the next term, has no jurisdiction, at such next term, to modify or annul that judgment.

2. ————: ————: **After Motion for Rehearing Overruled.**
   Where the Court of Appeals affirmed the judgment of the trial court, and a motion for rehearing having been timely filed was overruled on the last day of the term and an order was made on said day giving all parties ten days in which "to file motions in cases ruled on this day," the judgment was a finality, and the Court of Appeals had no power at the next term to sustain a motion filed at said next term to set aside the order overruling the motion for a rehearing, nor did it have any power on the last day of the term to make the order extending the time to the next term in which to file a motion to set aside said order, but all its orders and judgments made at such subsequent term were null and void.

3. ————: ————: **Court of Appeals: Certification of Cause to Supreme Court.** The Court of Appeals has no power to certify a cause to the Supreme Court at a subsequent term after its judgment therein has become a finality. The Constitution requires such transfer to be made at "the same term" at which the judgment is rendered "and not afterwards."

### Mandamus.

WRIT ISSUED.

*John I. Williamson* for relator.

(1) When a court has rendered final judgment in a cause and overruled a motion for a rehearing and the term has ended with no motions pending, the jurisdiction of the court over the judgment is at an end. This

rule applies to appellate courts. Padgett v. Smith, 205 Mo. 122; Gratiot v. Railroad, 116 Mo. 470; Danforth v. Lowe, 53 Mo. 218; Hill v. St. Louis, 20 Mo. 587; 1 Black on Judgments (1 Ed.), sec. 306, p. 383; 1 Freeman on Judgments (4 Ed.), sec. 96, p. 132; 3 Cyc. 474, sub-sec. b; 17 Am. & Eng. Ency. Law (2 Ed.), 816, sec. 7; Sibbald v. United States, 12 Pet. 491; Bank v. Moss, 6 How. 39; Bronson v. Schulten, 104 U. S. 410; Hawkins v. Railroad, 99 Fed. 322; Brown v. Aspden's Admr., 14 How. 24. (2) If, under the circumstances in this case, respondents should have issued the mandate of their court upon the judgment of affirmance in the original case, the fact that they have attempted to transfer the case to this court is no defense to the alternative writ. State ex rel. v. Homer, 249 Mo. 58; Smith v. Mo. Pac. Ry. Co., 143 Mo. 33; State ex rel. v. Philips, 96 Mo. 573. (3) The filing of a supplemental motion to transfer and of a motion to set aside the order overruling the motion for a rehearing, after the expiration of the time allowed by order of court, was ineffective for any purpose. Rule 20 of Kansas City Court of Appeals; State ex rel. v. Smith, 172 Mo. 446; St. Louis v. Dorr, 145 Mo. 485.

*Morrison, Nugent & Wylder* for respondents.

(1) The order of February 28, 1914, allowing parties ten days within which to file motions retained jurisdiction in the Kansas City Court of Appeals to the ensuing March, 1914, term, and all orders and judgments thereafter entered by said court in said cause are valid and subsisting orders of said court. State ex rel. v. Philips, 96 Mo. 570; Childs v. Railroad, 117 Mo. 428; Gratiot v. Railroad, 116 Mo. 450; State v. Gueringer, 178 S. W. 65. (2) The motion to transfer to the Supreme Court was a proper and legal motion. Rule 35, Supreme Court; Sec. 6, Amend. 1884 to Mo.

Constitution. (3) The supplementary motion and motion to set aside the order denying a rehearing was properly before the court. (4) Relator expressly and impliedly consented to the jurisdiction of the court at the March, 1914, term. Philadelphia v. Coulston, 118 Pa. St. 541; Cooney v. Bonfield, 172 Ill. App. 657; Hair v. Moody, 9 Ala. 399; Gage v. Chicago, 141 Ill. 642; Hewetson v. Chicago, 172 Ill. 112; Kidd v. McMillan, 21 Ala. 325; Cowles v. Curry, 96 N. C. 331; Harrison v. Osborn, 114 Pac. (Okla.) 331; 23 Cyc. 905; 17 Am. & Eng. Ency. Law (2 Ed.), 838. (5) The principal case is already in this court for consideration on the merits; hence a peremptory writ of mandamus cannot issue. State ex rel. v. Hickman, 150 Mo. 629; Johnson v. Fecht, 185 Mo. 339; Clark v. Railroad, 179 Mo. 56; Sutton v. Cole, 155 Mo. 206.

WOODSON, C. J.—This is an original proceeding by mandamus brought in this court to compel the respondents, the Judges of the Kansas City Court of Appeals, to set aside an order and judgment of reversal by them rendered, at the October term, 1914, thereof, on the 5th day of said month, in a cause then pending in said court, wherein the Kansas City Coal & Material Company was appellant and W. G. Logan, the relator herein, was the respondent, to reinstate a former judgment of affirmance rendered therein by said court at the October term, 1913, thereof, and on the 5th day of January, 1914, and to issue the mandate of said court upon the last-mentioned judgment.

In response to the alternative writ, the respondents made their return, which in substance discloses these facts:

That on January 5, 1914, during the October term, 1913, of said court, a judgment of affirmance was by said court rendered in said cause; that on January 15, 1914, during the same term of said court, the appellant

filed in said cause a motion for a rehearing; that on February 28, 1914, during the same term of court, said motion was overruled. On the last-named date, that being the last day of the October term, 1913, of said court, the court made a general order to the effect "that all parties be given ten days to file motions in cases ruled on this day," and then finally adjourned the October term, 1913, to court in course.

At the March term, 1914, of said court, and on the 2nd day of said month, the appellant in the original cause filed a motion to have the cause certified to the Supreme Court, and on the 11th of the same month the appellants filed in said cause a supplemental motion to have the same certified to this court, and also a motion to set aside the order overruling the motion for a rehearing; that on April 15, 1914, during the same term, the motions to certify the cause to this court were overruled, and an order for a rehearing was granted.

On June 1, 1914, during the same term, the cause was argued and submitted, and on July 6, 1914, said term of court was adjourned to court in course.

On October 15, 1914, at the October term of said court, a judgment was rendered by said court reversing the judgment of the circuit court and remanding the cause, and at the same time it made an order certifying the cause to this court, of its own motion.

The order of February 28, 1914, made by the court, continuing all motions and other matters pending in said court until the March term, was as follows:

"Now, the court doth order that all motions and other matters pending be continued until the next March term of this court, and the court doth further order that all parties be given ten days to file motions in cases ruled on at this date."

The respondents base their right to set aside the judgment of affirmance in the original case, and to

reverse, remand and certify said cause to this court, upon the ground stated in their return, viz.:

"That in and by the order aforesaid, entered in said court on the 28th day of February, 1914, and in and by the filing of said motion by the said company to transfer said cause to the Supreme Court, filed on the 2nd day of March, 1914, and in and by the said supplemental motion and motion to set aside the order overruling the motion for rehearing filed in said cause on the 11th day of March, 1914, and by each of said orders and said motions the jurisdiction of the said Kansas City Court of Appeals, and the judges thereof, was retained in said cause in and to the said March, 1914, term of the said Kansas City Court of Appeals."

As a further defense, respondents also make the following statement in their amended return:

"Respondents further say that they, as judges of the Kansas City Court of Appeals, and the said Kansas City Court of Appeals have no jurisdiction in this cause, because it has been certified to the Supreme Court of the State of Missouri, under the provisions of section 6 of the Amendment of 1884 to article 6 of the Constitution of the State of Missouri, as will appear from the record entry of judgment of the said Kansas City Court of Appeals, entered on the said 5th day of October, 1914, and as will appear from the copy of the opinion of this court hereto attached and made a part hereof."

To this return counsel for relators filed a demurrer.

I. There are but two legal propositions presented by this record for determination, and the first is, did the Court of Appeals, under the order of February 28, 1914, before mentioned, have jurisdiction **Finality of Judgment.** at the October term, 1914, thereof, to set aside the judgment of affirmance rendered

by it at the October term, 1913, when no motion of any kind was pending in said cause?

Counsel for the relator contends that the Court of Appeals had no such jurisdiction, while the respondents insist that it had.

There is an irreconcilable conflict between authorities in this State upon this question.

The cases of State ex rel. v. Philips, 96 Mo. 570, and Childs v. Railroad, 117 Mo. 414, l. c. 428, squarely hold that the filing of a motion for a rehearing in an appellate court after the adjournment of the term, under an order allowing the motion to be filed in vacation, continues the cause so that the opinion filed does not become the opinion of the court until the motion is disposed of at the next term.

There is this distinction between those cases and the case at bar: In those cases no motion for a rehearing had been filed at the time the order was made extending the time to the next term for parties to file such motions, while in the case at bar the motion for a rehearing had been filed and overruled at the time the order of extension was made.

Under Rule 21 of this court, regarding motions for a rehearing, that fact alone would. be a finality of the case, unless the court of its own motion, during the same term, should for some good cause resting in the breast of the court set the judgment aside; but Rule 20 of the Kansas City Court of Appeals governing motions for a rehearing is not so definite and clear as is said rule of this court.

But from the view we take of this case it is not necessary for us to construe or give effect to said Rule 20; it is more becoming to leave that duty with the Court of Appeals, except perhaps in a case where it might become absolutely necessary for this court to do so, in order to properly decide the case.

The rule invoked by counsel for relator is firmly established in this State, as well as many others; and the two cases before cited seem to be the only cases in conflict with it. In fact, it is elementary that after a final judgment has been rendered in a cause, at one term of the court, in the absence of a statute to the contrary, with no motion or other proper step having been taken therein, to carry the cause over to the next term of court, the court possesses no jurisdiction to set aside, modify or annul that judgment at such succeeding or any subsequent term of the court. [Jeude v. Sims, 258 Mo. 26.]

In discussing this question this court, in the Jeude-Sims case, on page 39, used this language:

"In all cases, except those provided for by these statutes, a court has no authority to disturb its judgment after the lapse of the term. This has been so universally ruled, that citations would be to become superfluous.

"The defendants, therefore, are in no position to lay hold of either of these two statutes, and the original judgment was wrongfully set aside after the lapse of the term, unless such action can be upheld upon one of the other two theories remaining to be discussed."

The same question was under consideration in the case of State ex rel. v. Reynolds, 209 Mo. 161, and in disposing of it this court, on page 176, used this language:

"If the circuit court of St. Louis County had made in express terms an order at a subsequent term setting aside the final decree granting the injunction and ordering the receiver appointed, it would have been absolutely void and of no effect, because that court had no authority to make such order after the expiration of the term at which the decree was made. And there is nothing in the Hirzel case (State ex rel. v. Hirzel, 137 Mo. 435), which indicated anything to the contrary.

[State ex rel. v. Walls, 113 Mo. 42; Appo v. People, 20 N. Y. 531.]

"In the former case the judge of the court which tried the case, after overruling the motion for a new trial, died, but before signing the bill of exceptions. His successor in office attempted at a subsequent term of the court to set aside the judgment and grant a new trial. In that case this court held that prohibition would lie to prevent the successor in office from setting aside the judgment previously entered, for want of jurisdiction in the court to make the order. The decision was not based upon the ground that the matter involved had been adjudicated and could not on that account be again litigated, but was based squarely upon the ground that the court had no jurisdiction to make the order.

"The same proposition was involved in the Appo case, supra, and it was there contended that when the inferior court or tribunal has jurisdiction of the action or of the subject-matter, before it, any error in the exercise of that jurisdiction can neither be corrected nor prevented by a writ of prohibition. In the discussion of that proposition the Court of Appeals of New York said: 'It is true that the most frequent occasions for the use of the writ are where a subordinate tribunal assumes to entertain some cause or proceeding over which it has no control. But the necessity for the writ is the same where, in a matter of which such tribunal has jurisdiction, it goes beyond its legitimate powers; and the authorities show that the writ is equally applicable to such a case. . . . These cases prove that the writ lies to prevent the exercise of any unauthorized power, in a cause or proceeding of which the subordinate tribunal has jurisdiction, no less than when the entire cause is without its jurisdiction. The broad remedial nature of this writ is shown by the brief statement of a case by Fitzherbert. In stating the various

cases in which the writ will lie, he says: "And if a man be sued in the spiritual court, and the judges there will not grant unto the defendant the copy of the libel, then he shall have a prohibition, directed unto them for a surcease," etc., until they have delivered the copy of the libel, according to the statute made Anno 2 H., 5 [F. N. B., title Prohibition.] This shows that the writ was never governed by any narrow technical rules, but was resorted to as a convenient mode of exercising a wholesome control over inferior tribunals. The scope of this remedy ought not, I think, to be abridged, as it is far better to prevent the exercise of an unauthorized power than to be driven to the necessity of correcting the error after it is committed. I have no hesitation, therefore, in holding that this was a proper case for the use of the writ.' [Appo v. People, 20 N. Y. 1. c. 541-2.]

"And the same conclusions have been reached by this court in the following cases: Morris v. Lenox, 8 Mo. 252; Railroad v. Wear, 135 Mo. 1. c. 256; State ex rel. v. Scarritt, 128 Mo. 1. c. 338-9; High on Ex. Legal Rem., sec. 789; Spelling on Ex. Legal Rem., sec. 1741."

The following authorities are also directly in point: Padgett v. Smith, 205 Mo. 122; Gratiot v. Mo. Pac. Ry. Co., 116 Mo. 1. c. 470 (concurring opinion of BARCLAY and BRACE, JJ.); Danforth v. Lowe, 53 Mo. 1. c. 218; Hill v. St. Louis, 20 Mo. 1. c. 587; 1 Black on Judgments (1 Ed.), sec. 306, p. 383; 1 Freeman on Judgments (4 Ed.), sec. 96, pp. 132-3; 3 Cyc. 474, subsec. b.; 17 Am. & Eng. Ency. Law (2 Ed.), 816; Sibbald v. United States, 12 Pet. 491; Bank v. Moss, 6 How. 39; Bronson v. Schulten, 104 U. S. 410; Hawkins v. C. C. C. & St. L. Ry. Co., 99 Fed. 322; Brown v. Aspden's Admrs., 14 How. 25; Priddy v. Hayes, 204 Mo. 358; Wilson v. Darrow, 223 Mo. 520.

We have been cited to no statute or rule of common law or chancery which authorized the Court of

Appeals to make the order of February 28, 1914, extending the time to the next term of court in which to file motions in the causes mentioned therein. That authority existed, if at all, upon the rule announced in the cases of State ex rel. v. Philips, supra, and Childs v. Railroad, supra.

Those cases were not well considered, nor was any authority cited in support of the rule there announced. They stand alone in this State, and have no foreign support that I know of; they are against the consensus of authority in this State and elsewhere, and should, in my opinion, be overruled, which is accordingly done.

It therefore follows that the order of the Court of Appeals made on February 28, 1914, extending the time to the next term of the court for appellants in the original case in which to file the motion mentioned was and is null and void, and all orders and judgments of the court made therein at said succeeding term are likewise null and void, and of no force or effect whatever.

II. It is next insisted by counsel for respondents that notwithstanding the fact that the order of February 28, 1914, may have been unauthorized by law, and, therefore, null and void, yet the Court of Appeals, under section 6 of the Amendment of 1884 of article 6 of the Constitution, had the authority to certify the original cause to this court for any of the reasons stated therein, and the cause having been certified here by it, the peremptory writ of mandamus should be denied, and the cause decided by this court upon its merits.

While that section of the Constitution authorizes the various courts of appeals of the State to certify cases to this court for any of the grounds stated therein, yet in express terms it further provides that said Court of Appeals must, of its own motion, make such transfers to this court at "the same term" at which the judgment is rendered "and not afterward."

The return discloses the fact that the certification of the original cause to this court was made at the second or third term of the court subsequent to the one at which the original judgment was rendered.

Upon that state of facts, under the plain mandate of said constitutional provision, the order of the court certifying the original cause to this court was not authorized, and is therefore *coram non judice.*

It is true this court may in the exercise of its constitutional control of all other courts of the State, require the Court of Appeals to certify a cause to this court after the expiration of the term at which the judgment therein was rendered, but that fact does not signify that said court may so do of its own motion. [State ex rel. v. Philips, 96 Mo. l. c. 575; State ex rel. v. Patterson, 207 Mo. 129.]

For the reasons stated we are of the opinion that the peremptory writ of mandamus should issue; and it is so ordered.

*Revelle, J.,* concurs; *Faris, J.,* concurs in a separate opinion in which *Graves, Walker* and *Blair, JJ.,* concur; *Bond, J.,* dissents.

FARIS, J. (concurring).—I concur in the result of the opinion of the learned Chief Justice, but I do not think that any necessity exists in this case to overrule the cases of State ex rel. v. Philips, 96 Mo. 570, and Childs v. Railroad, 117 Mo. 414.

I am of opinion that sufficient differences are apparent between the facts of those cases and the facts of the case at bar, to clearly distinguish those cases from the instant one. It may be that both of the cases marked for overruling in the Chief Justice's opinion were incorrectly decided—touching that I do not think we need here to give an opinion—therefore I do not think we need here trouble ourselves with their correctness or incorrectness. In the case on which the one at bar is bottomed a motion for rehearing *had been*

*filed and overruled,* and appellant therein had come absolutely to the end of all legal steps for a review. In the Philips case no motion for rehearing *had ever been filed;* in the Childs case the ruling appears merely *arguendo.* In fairness, since time to file a motion for a rehearing in the Philips case—absent the order—was lacking, the Kansas City Court of Appeals gave by its general order time in the next term to file such motion for a rehearing, and upon mandamus brought here we approved their action fully. Since the matter strikes me largely as one of practice, touching which we possess inherent power to make rules, and since we have a rule—as also has the Kansas City Court of Appeals —allowing ten days after judgment to file a motion for rehearing, and since no statute expressly forbids, it would be to curtail both our convenience and the expediting of business and to run the risk of doing great injustice, if we thus cut off our right to retain by express order jurisdiction in a case so that time (otherwise lacking) might be had to file therein a motion for rehearing. In short, our convenience and the hurry of events might necessitate our deciding a case on the last day of any given term. If we have no right to make an order to the end that the losing party may have the same opportunity to file a motion for rehearing as we give by our rules to others, it may be questionable whether the loser in such case has been accorded due process of law. [State v. Guerringer, 265 Mo. 408.] Certainly this is so, if the privilege given by a rule of an appellate court to file a motion for a rehearing and have it considered is a right *given* by law at all.

Under the facts at bar as they are so lucidly set out by the learned Chief Justice, so patent a difference appears to me that I vote not to overrule the cases mentioned, but to distinguish them upon their facts from this one; and so voting I concur fully otherwise. *Graves, Walker* and *Blair, JJ.,* concur in these views.