Grogan *v.* Ruckle.

---

## GROGAN & LENT *vs.* RUCKLE.

This court may, after its judgment has been pronounced, direct a re-hearing at any time before the *remittitur* has been sent to, and filed in, the clerk's office of the court below ; after that has been done, the jurisdiction of this court to order a re-hearing, ceases ; but *held*, that, after an order had been made granting a re-hearing, the *remittitur* was filed with the court below, the jurisdiction to reconsider the cause was not taken away.

The doctrine of *Grogan & Lent* v. *Ruckle*, (*ante, p.* 158,) that where an action is brought by an indorsee against the maker of a promissory note, it is not necessary that the latter should deny the indorsement under oath, reconsidered and affirmed.

The complaint alleged the making of a note and the indorsement thereof, and the answer was a general denial in the terms of the old general issue in *assumpsit*, that the defendant undertook and promised, in manner and form, &c.; *Held*, that the plaintiff would have been entitled to judgment, on a motion in the court below to strike out the answer as a nullity; but *held* further, that he should have raised his objection to the answer in the court below and had it passed upon, and that having rested his cause at the trial on the ground of want of an affidavit, he will not be permitted to say here, for the first time, that the answer does not, in a proper form, controvert the allegations of the complaint.

On a re-hearing, a party will not be permitted to raise any point which was not urged on the first argument.

THE points in this case, which are given in the opinion of the court, came up on a re-argument of the case of *Ruckle* v. *Grogan & Lent*, (*ante, p.* 158.)

*R. A. Lockwood*, for plaintiff.

*John Currey*, for defendants.

*By the Court*, BENNETT, J. On the re-argument of this cause the objection was taken by the appellant, that this court cannot, after its judgment has been pronounced, direct a re-hearing.

Section 280 of the Practice Act provides that, "after an appeal shall have been heard and determined, the judgment or order of the supreme court therein, and all things concerning the same, shall be remitted to the district court of the proper county, and thereupon such further proceedings shall be had in that court as may be necessary to carry such judgment or order into effect."

Section 18 of the act organizing this court is to the same effect. It declares that, "the supreme court may reverse, affirm, or modify the judgment or order appealed from, and its judgment shall be remitted as soon as practicable, after judgment pronounced, to the court below, to be enforced according to law."

We are of opinion that this court loses jurisdiction of the cause, when the *remittitur* has been sent to, and filed in, the court below; but that our control over the cause does not cease

Grogan *v.* Ruckle.

until that has been done; and so are the decisions of courts, the jurisdiction and powers of which are analogous to those of this court. (*Burkle* v. *Luce*, 1 *Comstock*, 240; *Martin* v. *Nelson*, *id.* 241; *Delaplaine and others* v. *Bergen*, 7 *Hill*, 591.)

In this cause the *remittitur*, it appears, was filed with the clerk of the district court "on or before" the 25th day of December last; but the order for a re-hearing was made and entered on the 18th day of the same month, when the court had jurisdiction of the cause and the power to make the order. The *remittitur* was improperly sent to the district court after the entry of the order granting a re-hearing, and such act ought not to be permitted to supersede the order.

We have reconsidered our decision made on the point submitted on the first argument, and think it correct.

On the re-hearing a new point has been made by the respondent, to understand which, it is necessary to advert to the facts presented by the record.

The action is brought by the indorsee of a promissory note payable to order against the maker. The declaration alleges the making of the note and the indorsement, and the answer denies generally in the terms of the old general issue in *assumpsit*, that the defendant undertook and promised in manner and form, &c. The point now made is, that the answer does not deny the indorsement of the note, and that, consequently, such indorsement was admitted of record.

The first subdivision of the 45th section of the Practice Act provides, that in respect to each allegation of the complaint controverted by the defendant, the answer shall contain a general or specific denial thereof, or a denial thereof according to the information and belief of the defendant, or of any knowledge thereof sufficient to form a belief; and section 63 declares that every material allegation of the complaint not controverted by the answer, shall, for the purposes of the action, be taken as true.

It has been held under the new code of procedure in New York, which, upon the question now under consideration, is the same as our practice act, that the plea of the general issue would

be stricken out, and the plaintiff be entitled to judgment. (*Pierson* v. *Cooley*, 1 *Code Reporter*, 91; *Stoker* v. *Hagar*, *id.* 84; *Beers* v. *Squire*, *id.* 84; *Mier* v. *Cartledge*, 2 *id.* 125.) In the answer before us there is no general or specific denial of the allegation in the complaint as to the indorsement of the note, and if the cause had been put upon this ground in the court below, we should think that the judgment ought to be affirmed. But we understand the position of the plaintiff in the district court to have been, that the indorsement was admitted because there was no affidavit annexed to the answer denying such indorsement. We held in the former decision of this cause, and we think correctly, that where an action is brought by an indorsee against the maker of a note, it is not necessary that the latter should deny the indorsement *on oath*—that the case did not come within the 62d section of the Practice Act, which prescribes that " when any complaint or answer is founded on any " instrument of writing which is alleged to have been signed " by the party, the signature shall be considered as admitted, " unless denied by such party on oath."

If the plaintiff deemed the answer insufficient to controvert the allegation of indorsement, he should have put his case in the district court upon that ground, and thus the defendant would have known the real objection to his answer, and might have made an application to the court for permission to amend, or to withdraw his answer and substitute another in its place. But the plaintiff tried the cause in the same manner as if the averments in the complaint had been properly controverted by the answer, and then, when the cause comes into this court, the objection to the insufficiency of the answer is raised for the first time on the second argument of the cause.

We think the proper practice to be established is, that if the plaintiff considers the answer a nullity, he should raise the point in the court below and have it passed upon; and that if he there rests his cause on the ground of the want of an affidavit, he ought not to be permitted to say here, for the first time, that the answer does not, in a proper form, controvert the allegations of the complaint.

The Board of Health *v.* The Pacific Mail Steamship Co.

In determining this case we are also influenced in some degree, by the known fact, that when this answer was put in, it was difficult, owing to the delay in the publication of the laws of the last session of the legislature, to ascertain what provisions had been made as to practice and pleadings.

It was intimated by the court on the argument, that on a rehearing the whole cause was open and either party might raise such objections and make such points, as he could have raised and made on the first argument. On reflection we think otherwise. A party should present his whole case on the first hearing, and ought not to be permitted to argue it by piece-meal. This is the practice in Louisiana, (1 *Robinson's Rep.* 330,) and, as a general rule, we approve of it.

Our former decision granting a new trial must stand. The defendant is to have leave to move the district court to be permitted to amend his answer on such terms as may be deemed just.

Ordered accordingly.