UNITED STATES *vs.* KNIGHT'S ADMINISTRATOR.

1. After a cause has been argued and decided, the court will not hear a motion to change the decree based on affidavits taken to show facts which do not appear in the record.

2. This court will not suffer its judgment upon an appeal to be influenced in any respect by new testimony offered here, even in a case which is within its general chancery powers, much less where it is exercising merely the special jurisdiction conferred by Congress in respect to California land claims.

3. The necessity for this rule, and the legal principles on which it is founded, discussed by the Chief Justice.

4. The court does not doubt its power to open a judgment rendered at the present term and continue or rehear the cause, if, *upon the record,* one of the judges who concurred in the decision supposes it to be erroneous.

This cause (a California land claim brought here on appeal by the United States from the decree of the District Court) was reached on the docket at the present term, was called in its regular order, and was argued by counsel on both sides; the opinion of the court upon it was delivered, and a decree pronounced, that the decree of the District Court be reversed and the cause remanded, with directions to dismiss the petition of the claimant. (See *ante,* p. 227.)

At a subsequent day of the term, *Mr. Reverdy Johnson,* for the claimant, moved the court so far to modify its order entered therein, as to remand the cause to the court below for

further evidence and proceedings, and offered in support of the motion sundry affidavits to show by this new testimony that the court had fallen into error in some conclusions of fact stated in the opinion, and also that some of the testimony was not within the knowledge or power of the appellee when the case was heard in the District Court, but has been discovered since.

*Mr. Black*, for the United States, hoped the court would relieve him from the duty of making an argument on the motion; thought that it ought not to be heard at all, and gave his reasons for that opinion.

*Mr. Johnson* maintained the propriety and regularity of the motion, and respectfully insisted on his right to be heard.

Mr. Chief Justice TANEY. The court cannot receive the depositions, nor hear an argument upon the motion. The point has already been decided at the present term in the case of *The United States* vs. *Hensley*, and a similar motion overruled.

In the case of *Southard et al.* vs. *Russell*, (12 How., 139,) the court held that it could not look beyond the record as transmitted from the inferior court, nor suffer its judgment to be influenced in any respect by new testimony offered here. And that case was before us in the exercise of the general chancery powers conferred by the Constitution, in which a broad discretionary power may be exercised in order to promote the purposes of justice; for in a case prosecuted within that jurisdiction the defeated party, upon the discovery of new evidence, may, after a final decree in this court, obtain leave here to file a bill of review in the court below to review the judgment which this court had rendered. 16 How., 547.

But the jurisdiction which the court exercises in this case is a special one, created by act of Congress, and its mode of proceeding and powers are regulated and defined by the law; and it cannot, under any supposed analogy to proceedings in chancery, exercise any power beyond that which the act or acts of

Congress have given. 6 Pet., 470, *United States* vs. *Nourse*. These acts of Congress give this court the power to hear and determine the case upon the proceedings and evidence taken in the court below certified to this court; but no power to receive or consider any new evidence, although discovered since the decree was passed. Indeed, it would have been inconsistent with the policy upon which these acts of Congress were passed to confer this power upon the court. This special jurisdiction was created in order to ascertain promptly the extent of the grants which had been made by the Mexican Government to private individuals, and how much of the public domain still remained in the hands of the Government at the time of the cession to the United States, and had become subject to the disposition of this Government. And if a proceeding like the one now proposed was sanctioned, it would lead to interminable delays in almost every case where the decision was against the claimant, and it would be difficult to say when the rights of the United States could be regarded as finally settled in any case while a Mexican still made claim to the land under what he might allege to be a Mexican grant. And we may judge, from the character of the testimony offered in the cases which have already been before the court upon these Mexican claims, what would be the extent of the fraud and perjury to which such a privilege would lead, when the claimant had learned from the decision of the court what were the weak points of his case, and was strongly tempted by the magnitude of his claim to seek for and discover some new testimony to cure its defects.

We do not doubt the power of the court to open the judgment it has rendered at the present term, and continue or re-hear the case, if, upon the record before us, any one of the judges who concurred in the decision had since seen cause to doubt its correctness. But in the absence of any such doubt the motion of the appellee is overruled.

*Motion refused.*