## BROOKS v. RAILROAD COMPANY.

A petition for a rehearing cannot be filed after the term at which the judgment was rendered.

MOTION for leave to file a petition for rehearing.

This case was, on appeal from the Circuit Court of the United States for the District of Iowa, determined at the last term. It is reported in 101 U. S. 443.

*Mr. Joseph E. McDonald* and *Mr. John M. Butler* in support of the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

A petition for rehearing after judgment, under the rule promulgated in *Public Schools* v. *Walker* (9 Wall. 603), cannot be filed except at the term in which the judgment was rendered. In *Hudson & Smith* v. *Guestier* (7 Cranch, 1), a motion was made at the February Term, 1812, for a rehearing in a case decided two years before; but the court said "the case could not be reheard after the term in which it was decided." At the end of the term, the parties are discharged from further attendance on all causes decided, and we have no power to bring them back. After that, we can do no more than correct

any clerical errors that may be found in the record of what we have done.

In *Brown* v. *Aspden* (14 How. 25), where the practice in respect to orders for rearguments was first formally announced, the rule in this particular was not extended, for Mr. Chief Justice Taney was careful to say that the order for reargument might be made after judgment, *provided* it was entered at the same term ; and the same limitation is maintained in *United States* v. *Knight's Administrator*, 1 Black, 488. Down to that time such an order could be made only on the application of some member of the court who concurred in the judgment, and this continued until *Public Schools* v. *Walker* (*supra*), when leave was given counsel to submit a petition to the same effect. In all other respects the rule is now substantially the same as it was before this relaxation.

*Motion denied.*