## ROBERTS V. HAGGART.

REHEARING—CANNOT BE GRANTED AFTER FINAL JUDGMENT AND ADJOURNMENT OF TERM.

After the entry of final judment, and the final adjournment of the term, the supreme court has no jurisdiction at a subsequent term to entertain an application for a rehearing, no motion for rehearing having been made at the term at which the judgment was entered.

Filed October 4, 1886.

Appeal from the district court of Cass county. On rehearing.

*Wilson, Ball & Wallin*, for appellant.

*Spalding & Templeton*, for respondent.

No briefs on motion to dismiss appear on file.

NOTE.—The judgment below was affirmed at the May term, 1885, by operation of law; three of the justices being for affirmance and three for reversal. No opinion was ever filed by the court.

TRIPP, C. J. This is a motion to dismiss an application for rehearing. This cause was heard by this court on its merits, and at the May term, 1885, the judgment of the lower court was affirmed. No motion was made for rehearing or reargument at the term at which judgment of affirmance was entered. On the nineteenth day of August, 1885, and after the final adjournment of said May term, the appellants served notice on the

spondents of their intention to move for a reargument and re-hearing of the case by this court. The motion having been continued until the February term, 1886, the respondents now move the court to dismiss the motion for reargument and re-hearing upon the ground, among others, that the judgment of affirmance became final upon the close of the May term at which it was rendered, and that the court had no power to open the judgment and rehear the case. This court, at the close of its May session, 1885, adjourned *sine die*, and not to a future day, as it had been accustomed to do, and as counsel supposed, no doubt, when the motion was made, that it had done, and no notice of motion or application of rehearing in this case was given or served prior to such adjournment; and it is now con-tended by the respondents that there is no power in the court to review or modify its decision so rendered after the close of the term.

This question came very early before the supreme court of the United States in the case of Hudson *et al.* v. Guester, 7 Cranch, 1, in which an order to show cause had been granted for leave to rehear the cause decided at a prior term, and after the final adjournment of the court. Upon the hearing to show cause the application was denied, the entire opinion of the court be-ing contained in these words: "BY THE COURT. That the case could not be reheard after the term in which it had been decided."

In Cameron v. McRoberts, 3 Wheat. 591, where the record of the circuit court did not contain any averments giving juris-diction, the court held that at a subsequent term, after final judg-ment, the same tribunal which rendered it could not set it aside, on motion.

In Bank of U. S. v. Moss, 6 How. 31, the same court again held that, after a circuit court had adjourned without day, it could not set aside one of its own judgments upon motion, even for want of jurisdiction over the cause, and that the judgment was binding until reversed on error; and in delivering the opin-ion in that case the court concludes by saying: "And we have repeatedly decided, as to judgments of this court, that they

could not be changed at a subsequent term, in matters of law, whether attempted on motion or a new writ of error, or appeal on the mandate of the court below;" citing Hunter's Lessee v. Warton, 5 Cranch, 316; Skillern's Ex'rs v. May's Ex'rs, 6 Cranch, 261; The Hiram, 1 Wheat. 442; The Santa Maria, 10 Wheat. 442; Davis v. Packard, 8 Pet. 323; Ex'rs v. Grundy, 9 Pet. 290; *Ex parte* Story, 12 Pet. 343; Mitchell v. U. S. 15 Pet. 84.

In Brown v. Aspden, 14 How. 25, where the court lay down the rule that no reargument of a case, in which a decision had been made, will be heard, unless some member of the court who concurred in the judgment desires it, and, in case such member desires a reargument, it will be ordered without waiting for motion of counsel, the rule is expressly limited to the term at which the judgment was rendered, and that the order for reargument must be entered at such term, and the same limitation is maintained in U. S. v. Knight's Administrators, 1 Black, 488.

For the first time, in Public Schools v. Walker, 9 Wall. 603, the rule was promulgated that counsel might, of their own motion, without suggestion of a member of the court, submit a petition for rehearing. Prior to that time the practice had been for some member of the court who had concurred in the judgment to make the application, but this departure in practice did not seek to change the limitation announced in the former decision, confining the application for rehearing to the term at which judgment was rendered.

This question again came up in the supreme court of the United States in Brooks v. Railroad Co., 102 U. S. 107, when counsel asked leave to file a petition for rehearing in the cause heard and decided at the term preceding, contending that the question was not one of jurisdiction, and that, within the rule laid down in Public Schools v. Walker, *supra*, they were entitled to be heard; but the court, adhering to the early rule announced in Hudson *et al.* v. Guestier, denied the application, and rested the decision of the court squarely upon jurisdictional grounds; that is to say, a want of power to rehear the cause

after the expiration of the term at which final judgment was rendered.   Says the court in that case:   "At the end of the term the parties are discharged from further attendance on all causes decided, and we have no power to bring them back. After that we can do no more than correct any clerical errors that may be found in the record of what we have done."   102 U. S. 107, 108.

To the same effect are the decisions of the various state courts.   See cases cited in Freem. Judgm. § 96.   The rule is a correct one on principle.   There should be some point arrived at in the course of litigation where the successful party can feel that the decision is final, and no better or more certain point could be named than the end of the term at which final judgment is rendered.   If the defeated party can be permitted to come in at the succeeding term, and ask to have his cause reheard, no good reason exists why he might not be permitted to do so in 20 years, providing he has been guilty of no laches in making his application.   Under such a rule, there would be no end of litigation, and no safety in titles to property, or reliance to be placed upon rights determined by decisions of the courts.

While constrained, therefore, to follow the decisions in holding that the motion to dismiss this application must be allowed.  Since the argument of this cause, this court has adopted new rules upon the subject of rehearing of causes after judgment.

The motion to dismiss is granted and allowed.   All the justices concurring.