## WRIGHT V. SHERMAN.

1. An application for rehearing will not be entertained unless a petition is filed, or at least leave granted therefor, during the term at which the judgment is entered, as provided by the twenty-fourth rule of this court.
2. The petition in this case, however, would have been denied, for reasons stated, even if it had been presented in time.

(Syllabus by the Court.  Opinion filed Nov. 1, 1892.)

This case was first determined in this court, Sept. 7, 1892.  The opinion thereon is found in 3 S. D., 290, 52 N. W. 1093.  Respondent's attorneys petitioned for a rehearing, which the court in this opinion denies.

*M. A. Butterfield*, for appellant.

*E. H. Wilson*, for repondent.

KELLAM, J.  This case was decided during the April term of this court, and the opinion filed September 7, 1892.  It is reported in 52 N. W. Rep. 1093.  On the 27th day of October, being more than three weeks after the beginning of a new term, respondent files a petition for a rehearing.  The petition must be denied under supreme court rule 24, which requires the petition to be presented, or at least leave granted, during the term at which judgment is entered.  This is not an arbitrary rule, but rests upon the general principle that after a term has ended all final judgments of the court pass beyond its control, unless steps be taken during that term to modify them; and so the supreme court of the United States, in Brooks v. Railroad Co., 102 U. S. 107, says:  "So strongly has this principle been upheld by this court that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered."  On account of this rule, and to give counsel in any case time to inform themselves concerning the opinion of this court, and to move for a rehearing, if they so desire, this court has established the practice of filing no de-

cisions during the last 20 days of the term. We have thus endeavored to preserve an opportunity to every litigant to present his claim for a rehearing, if he move with reasonable diligence. But the petition in this case would have been denied if presented in time. The decision of this court is criticised, because, as it is claimed, it assumes that a certain chattel mortgage was received in evidence without objection by respondent. Counsel frankly says he would be satisfied with the correctness of the opinion, if it were true that no objection was in fact made. He admits that neither the bill of exceptions as settled, nor the printed abstract as served and acquiesced in, shows any objection, but insists that such objection was really made. The rule is too familiar to discuss that this court takes the record as it is made and certified by the trial court as a verity. How this court should know that objection was or was not made, except from the record, is not suggested. But the record is not even silent as to the fact of objection, but affirmatively recites, "Original chattel mortgage offered in evidence without objection, and marked 'Exh. C.'" So long as this court draws correct legal conclusions from the facts presented by the record, as the parties and the trial court have made and allowed it to come up here, neither party can reasonably complain.

The decision of this court is further criticised because, as expressed in the petition for rehearing, "No motion was made for a new trial, and this court cannot review the testimony to see what evidence was given on the trial, and cannot say that the trial court gave the jury erroneous instructions, when it is not permitted to examine the testimony to see whether the verdict was sustained by the evidence or not." That this court cannot review and weigh the evidence to see whether any particular conclusions of fact are supported or not has been often ruled, but here there was no dispute about the facts. The only question was who, upon the undisputed facts, had the superior lien, the plaintiff as chattel mortgagee, or the defendant as agister. The evidence was not submitted to the jury, for the sufficient reason that it raised no issue of fact. There was no question of fact below, and we review none here. The jury was instructed, as a matter of law,

that upon the undisputed facts the agister's lien was paramount, and to return a verdict for him. This was error, and no review of the evidence was required to show it.

Petition denied.