## HARRISON v. CHICAGO, MIL. & ST. P. RY. CO.

1.  Where a case is submitted by both sides, and decided, upon an abstract to which no objection is made, an application to reargue upon a new

abstract to be presented will be denied, unless the circumstances are very exceptional.

2. The facts in this case examined, and *held* not to justify a departure from this rule.

(Syllabus by the Court.   Opinion filed March. 9, 1895.)

Appeal from circuit court, Yankton county.   Hon. E. G. SMITH, Judge.

This case was first decided by this court in an opinion filed Oct. 17, 1894, reported in 6 S. D. 100, 60 N. W. 405, in which opinion the judgment of the trial court in favor of the plaintiff was reversed.   Respondents petitioned for a rehearing which petition in this opinion is denied.

*R. B. Tripp (H. H. Field,* of counsel) for appellant.

*V. V. Barnes,* for respondent.

KELLAM, J.   This case was decided at the present term, the opinion being published in 6 S. D. 100, 60 N. W. 405.   Upon the ground that the printed abstract upon which the case was heard and decided by this court is incomplete and unfair to him, respondent asks leave to present an amended abstract and for a rehearing of the case.   It is not claimed that appellant's abstract, duly served on respondent's attorney, was deliberately or willfully unfair; but it is urged that from it was omitted much material testimony, upon which the case was decided in the trial court.   Ordinarily, this would furnish no ground for even sustaining an application for rehearing after the decision of a case, for the abstract is required to be served on the adverse party, who then has full opportunity to examine and if incorrect or incomplete, to correct by an amended abstract.   Acquiescence in the proposed abstract is, under such circumstances, nearly equivalent to a stipulation that it is correct.   On this account we held in Ayers, Weatherwax & Reid Co. v. Sundback (S. D.) 58 N. W. 929, and in Bank v. McKinney (S. D.) 60 N. W. 162, that, unless the case were very exceptional, an application, after argument and decision, to present

a new record, and argue the case, would be denied. Respondent does not question the reasonableness of this rule, but presents the facts upon which he relies to excuse his failure to' serve an amended abstract. Sickness in his family prevented his attendance at his office or personal attention to his business so that he did not see the abstract or know·its contents until the time had expired within which he was entitled to serve such amended abstract. Under such circumstances, we think he should have applied to the court for further time instead of submitting the·case on an abstract which he believed to be incorrect, relying upon an understanding with the adverse attorney that the omitted portions of the·original record "should remain unquestioned·as a part of·the record.· This understanding or agreement is only claimed to have been verbal, and appellant's attorney, in his verified reply to the petition for rehearing, insists that none such was ever had or made. From the high character and standing of both attorneys, we are satisfied that whatever conversation occurred between them did not leave the same impression upon both as ·to its design and effect, so that it lacks ·the essential element of even a verbal stipulation. If the decision of this court, which it is now sought to have reconsidered, were a final determination .of the rights of these parties, we might possibly feel inclined to relax the rule established in the cases cited above; but, as the rights of the litigants are still the subject of another trial, we are persuaded that to now allow ·a rehearing on a new abstract would establish·a precedent which would be the source of more general harm in other cases than particular good in this.

Nor do we think our decision of this application should be influenced by either of the other facts alleged and urged, to wit, that no proper bill of exceptions was ever settled in the case, and that appellant filed a reply brief, without serving the same on respondent's attorney. The abstract was made in all respects as ·though a bill or statement had been· settled. It impliedly asserted that one had been settled, and that the·abstract

was made from it.  It only lacked the ,categorical statement that a bill or statement was duly settled by the trial judge.  In the absence of an additional abstract indicating otherwise, it will, under such circumstances, be understood and taken by this court that a bill or statement was settled.  Mercantile Co. v. Faris (S. D.) 58 N. W. 813; Searles v. Christensen (S. D.) 60 N. W. 29.

On argument in this court, appellant is entitled to reply to respondent's argument.  It is not claimed that the reply in this case contained new or affirmative matter, not proper and legitimate in a reply.  When such is the case, we see no objection to an appellant making his reply in print, to be filed at the proper time for replying.  So long as it is but an answer to respondent's argument, he simply exercises the right of reply which is accorded him by the established practice of the court.  The petition for re-hearing is denied.