## DEMPSEY V. BILLINGHURST.

Where, after the decision of a case in this court, the remittitur goes down, under the rules of the court, and without fraud, accident, or inadvertence, this court loses jurisdiction of the case, and will not entertain an application for rehearing.

(Syllabus by the Court. Opinion filed Dec. 18, 1895.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

This case was first decided in this court in an opinion reported in 7 S. D. 564; 64 N. W. 1124, in which opinion the judgment of the court below in favor of plaintiff was reversed. Respondent asks leave to file a petition for a rehearing. The application is denied.

*D. W. Poindexter*, for appellant.

*Sterling & Morris*, for respondent.

KELLAM, J. Respondent's attorneys ask leave to file a petition for a rehearing of this case. The case was decided and the opinion filed October 28, 1895. 64 N. W. 1124; 7 S. D. 564. Under rule 24, which took effect April 4, 1893, the remittitur was held in this court 30 days thereafter, when, no petition for rehearing having been filed, nor any application made for a longer stay of the remittitur, the case was regularly remitted to the trial court. Several days thereafter this application to present a petition for a rehearing was filed, the application itself being dated after the remittitur and case had gone from this court. Ordinarily, and without a rule upon this subject, a petition for rehearing may be made at any time during the term at which the case is decided, provided the case is still

in the appellate court. The purpose of our rule was to avoid retaining the case in this court, to the manifest prejudice of the successful party, an unreasonable time after decision, and at the same time to give both sides ample time to know of the decision, and the grounds upon which it was based, so that either might present his claim for a rehearing. The rule has been in force 2½ years, and, so far as we know, has been regarded as fair and satisfactory. It is well settled, and, it would seem, could hardly be otherwise in principle, that when the remittitur has gone down, without fraud, accident or inadvertence, the appellate court has lost its ⸢jurisdiction of the case, and cannot recall it. Haynes, New Trials & App. Sec. 292 *et seq.*, and cases cited. There is no claim in this case that the remitittur went down otherwise than in the usual and proper procedure under the established rule. For the reasons stated the application must be denied.