## *In re* SEYDEL'S ESTATE.

1. Where an executor was sued in the county court, and judgment was rendered against him, which was reversed on an appeal to the circuit court, and the case was remanded, the circuit court cannot afterwards grant a rehearing, since it has no jurisdiction of the case after it has been remanded, either at common law or under Comp. Laws, § 4939, authorizing a court, at any time within one year after notice, to relieve a party from the judgment against him procured by mistake, inadvertence, surprise, or excusable neglect.

2. A rehearing of a decision on appeal will not be granted where the facts relied on do not appear in the record, and are presented by affidavits and extrinsic evidence, since the court can only consider facts appearing in the record on a motion for rehearing.

(Opinion filed December 5, 1900.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Petition of the American State Bank to require Peter Seydel, as administrator of the estate of Peter Seydel, deceased, to pay taxes on

certain property.   From an order of the circuit court denying a rehearing of a decision reversing a decision of the county court in favor of the petitioner, the latter appeals.   Affirmed.

The facts are stated in the opinion.

*John Holman* and *R. B. Tripp,* for appellant.

*French & Orvis,* for respondent.

FULLER, P. J.   In the notice of appeal, which brings before us an order of the circuit court denying a rehearing in a case appealed thereto form the county court, an order overruling a motion to dismiss such appeal is designated for review.   Although it was urged, in support of the motion to dismiss, that the appeal would not lie from the county to the circuit court for the reason that an administrator cannot be "a party aggrieved," the motion for a rehearing was based upon the claim that the party appealing to that court never was an administrator and never gave an undertaking on appeal as required by statute, or at all.   The facts, briefly summarized, may be stated thus:   On the 14th day of May, 1898, appellant filed in county court a petition praying that the administrator of the estate of Peter Seydel, deceased, be required to pay certain taxes, penalties, and interest due upon real property within the limits of the city of Yankton, and upon this petition a citation addressed to Peter Seydal, administrator, duly issued from that court, made returnable a few days thereafter, and the sheriff in whose hands such process was placed duly certified that he served the same personally upon Peter Seydel, administrator of the estate of Peter Seydel, deceased.   Throughout the petition, citation, and return of the officer Peter Seydel is referred to as "administrator of the estate of Peter Seydel, deceased," and his demurrer to the petition, signed, "French & Orvis, Attys. for Peter Seydel, Administrator of the Estate of Peter Seydel, Deceased," re-

cites that as such administrator he appears in response to the citation. An appeal by and in the name of Peter Seydel, administrator, was taken to the circuit court from the following order entered at the hearing in county court: "The demurrer of the administrator to the petition and affidavit, as amended with reference to the payment of taxes, * * * having heretofore been duly noticed and heard, French & Orvis appearing for the administrator, and R. B. Tripp for the petitioners, it is now considered and adjudged by the court that the said demurrer be, and the same is hereby, overruled, to which the said administrator excepts, and his exception is hereby allowed; and, the said administrator having elected to stand on his said demurrer, it is therefore ordered, adjudged, and decreed that the administrator of said estate, in the due course of administration of said estate, pay all said taxes, * * * to each and all of which said orders and judgments said administrator duly excepted, and his exceptions are hereby allowed." In all subsequent proceedings on appeal, including the judgment of reversal on the merits entered in circuit court on the 24th day of May, 1899, the representative of the estate is characterized as "Peter Seydel, administrator." It was not until the 22d day of December, 1899, when this application for a rehearing, supported by affidavit, was filed in circuit court, that anything was presented tending to show that the person treated by all the attorneys and both courts as an administrator was in fact never such, but on the contrary, a duly qualified and acting executor of the last will and testament of Peter Seydel, deceased, by the express terms of which he was thus nominated, and therein relieved from the necessity of giving a bond in the manner specified by Section 5733 of the Compiled Laws. The statute provides that every person to whom letters of administration are directed to issue must, before receiving them, execute a bond, and, when such administrator appeals from any decision

of the county court affecting the estate, such bond stands in the place of an undertaking on appeal. Comp. Laws, §§ 5726, 5981. To obtain upon a new ground a reargument of the motion to dismiss the appeal from the county court, and secure a reversal of the intermediate order rendered thereon, is the sole and avowed object of the motion for a rehearing, made returnable in the circuit court fully seven months after such order was made, the case tried therein upon its merits, final judgment entered reversing the decision appealed from, and remanding the cause to the county court for further proceedings consistent with such judgment. Under such circumstances, we know of no rule of law or practice conferring authority upon an intermediate appellate court to grant a rehearing on an interlocutory order after the case has been terminated on its merits, and sent back to the court from which it came.

　　Unless by express provision of law, a court of last resort has no power to grant a rehearing after the *remittitur* has gone down, and all appellate courts lose jurisdiction over their decisions at the expiration of the term at which they are rendered. Wright v. Sherman, 3 S. D. 367, 53 N. W. 425; Dempsey v. Billinghurst, 8 S. D. 86, 65 N. W. 427; Ogilvie v. Richardson, 14 Wis. 157; Grogan v. Ruckle, 1 Cal. 193; Caldwell v. Bruggerman, 8 Minn. 286 (Gil. 252): Sullivan　v.　Speights, 14 S. C. 358; Brooks v. Railroad Co., 102 U. S. 107, 26 L. Ed. 91. According to section 4939 of the Compiled Laws, a court may, at any time within one year after notice thereof, relieve a party from a decision against him taken through his mistake, inadvertence, surprise, or excusable neglect, but it cannot be said that this proceeding is within such provision. Under our view, it is needless to determine the correctness of appellant's contention that the case, in the absence of an undertaking on appeal, was never removed from the county court. In any event, the circuit court

was not vested with jurisdiction to grant a rehearing at the time the application was made. Moreover, the general rule which governs a motion for a rehearing limits the same to the record on appeal, and matters outside such record cannot usually be shown by affidavit or otherwise. Bank v. McKinney, 6 S. D. 58, 60 N. W. 162; Harrison v. Railway Co. 6 S. D. 572, 62 N. W. 376; 2 Enc. Pl. & Prac. 387. Appellant's delay makes it unnecessary for us to express an opinion as to the correctness of the following cases, which hold that a want of authority to hear an appeal, or that one of the parties to the action was dead when the case was argued, can never be shown by affidavit, for the purpose of obtaining a rehearing. State v. McFail, 35 S. C. 595, 14 S. E. 289; Blake v. Griswold (N. Y. App.), 9 N. E. 493. Affirmatively from the inception of the proceedings and in both courts the record, as made, shows jurisdiction of the parties and subject-matter, and, from a careful perusal thereof, we are convinced that the circuit court correctly determined every point urged in support of the motion to dismiss the appeal. The order denying the motion for a rehearing is affirmed.

HANEY, J., concurs only in the conclusion that the order of the circuit court denying appellant's application for a rehearing should be affirmed.