HALSTED v. FOREST HILL CO.

(Circuit Court, D. West Virginia. June 8, 1901.)

1. EQUITY—REHEARING—TIME FOR FILING PETITION.

A decree entered on the report of a master, to which exceptions were filed and argued, fixing the amount and priority of claims against an insolvent corporation, and ordering a distribution of the fund arising from a sale of its property, is a final decree, from which an appeal lies, and, under equity rule 88, a petition for a rehearing cannot be entertained after the expiration of the term at which the decree was entered, and it is immaterial that a portion of the fund is still in court and undistributed at the time the petition is filed.

2. SAME—BILL OF REVIEW—GROUNDS.

A federal court of equity cannot entertain a petition in the nature of a bill of review which is not filed until after the time has expired for

taking an appeal from the decree sought to be reviewed, nor if filed in time, where the only ground alleged as the basis for such petition is that the petitioner, who was plaintiff in the suit, holds a claim against the defendant which he was entitled to have allowed by the decree, but which he failed, through his own laches, to present to the master or the court.

3. RECEIVERS—DUTY TO REPORT CLAIMS.

It is no part of the duty of a receiver appointed to take charge of and manage the property of an insolvent corporation to report to the court for allowance a claim in behalf of the plaintiff in the suit for rent accruing during the receivership for property leased by plaintiff to the corporation; but such duty devolves on the plaintiff.

A. Burlew, for plaintiff.
George E. Price, for defendant.

JACKSON, District Judge. This case is now being heard upon the petition of John Halsted, the plaintiff, for a rehearing, claiming that certain rents and royalties which had accrued while the property was in the hands of a receiver of this court had not been paid and allowed to him, amounting to $2,300. Upon the 23d day of December, 1897, a final decree was passed, affirming a very exhaustive report of the master, and settling all the questions involved in the case, from which no appeal was taken, nor was it intimated to the court that the parties in the case desired to take the case to the appellate court. On the 6th day of October, 1898,—nearly a year after the entry of this final decree,—the plaintiff filed his petition, claiming that there were certain rents and royalties which had not been paid to him by the receiver. On the 11th day of January, 1899, the question arising upon this petition was argued by counsel, and decided by the court, and a decree was entered dismissing the petition; the court holding that the decree of December 23, 1897, was a final decree, and that it had no power then to reopen it. On the 16th day of January, 1899, Halsted filed another petition, accompanied with an affidavit, asking the court to set aside the last order, by which his former petition had been dismissed, and on the 10th day of May, 1899, the receiver filed his petition, stating that the claim of Halsted, set up in his petition, had not been paid, and asking that it be allowed and paid. Upon these last two petitions, the court is again asked to disturb its decree, and open it up, and set it aside, after the decree has stood for over a year; two terms of the court having transpired before any steps were taken by the petitioners in regard to it. The application for a rehearing is made under equity rule 88, and that rule provides that:

"No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court; but if no appeal lies, the petition may be admitted at any time before the ending of the next term of the court, in the discretion of the court."

The decree in this case passed the 23d day of December, 1897, disposed of all the questions that arose upon the pleadings, and made a final distribution of the assets of the Forest Hill Company. There is no contention that an appeal did not lie from the decree at the time it was rendered. In fact, it was conceded that the decree was final,

and disposed of all the claims arising in the case. For this reason the court declined, upon the hearing of the first petition, to reopen the decree. The last petition by Halsted was filed on the 16th day of January, 1899, and the receiver, George W. Patton, filed his petition on the 10th day of May, 1899. In the view I take of this case, even if this was not a final decree, from which an appeal could be taken (two courts having intervened, since the decree was entered, before the filing of the last two petitions), it is too late, under rule 88, now to consider them. The only question left for the court to determine is whether this decree is a final one.

It was held in the case of Hoffman v. Knox, 1 C. C. A. 535, 50 Fed. 484, that a decree fixing the priority of claims against an insolvent corporation, directing the sale of its property for their payment, is a final decree, within equity rule 88, relative to rehearings. Mr. Chief Justice Fuller delivered the opinion of the court. The case we have under consideration falls within the ruling held by the chief justice in that case. Here is a final decree which confirms the master's report, fixing the priority of the claims against the defendant company, which was insolvent, and directing their payment. The realty in this case was in no wise involved, except the leasehold interest which the plaintiff had granted to the defendant company; but as there was no prayer in the bill for the sale of the leasehold, but simply a prayer invoking the power of this court to require the defendants to adjust and settle with the plaintiff his claim set up in the bill, there was no occasion for any decree of sale of the leasehold. But the court, in confirming the commissioner's report, passed a decree which directed the distribution of $9,468.25 as assets of this insolvent company. In the case of French v. Shoemaker, 12 Wall. 86, 20 L. Ed. 270, it was held that a decree was final which settles all the rights of the parties involved in the pleadings. In this case the rights of all the parties were settled as they were presented in the pleadings. The question that arises upon this petition was not before the court, nor was the attention of the court called to it. The claim of the plaintiff that the receiver owes him $2,300 for uncollected rents was not presented or proved before the master, nor was it presented to the court at the time the court passed upon the exceptions to the master's report. No allusion whatever was made to it in the master's report, though the plaintiff was before the master, and presented his claims against the defendant company, which were passed upon by the master in his report. Can it be said, where a case has been referred to a master, his report made up, and returned to the court, and exceptions filed to the report, and passed upon, and a decree passed affirming the master's report, and ordering a distribution of the fund, that it is not final? I think not. If it is final, and the time has elapsed when a motion for a rehearing can be entertained by the court under rule 88, the court must reach the conclusion that it is too late to entertain the petition under that rule. It is a well-established rule of law that, after the term has ended, all final judgments and decrees of the court pass beyond its control, unless motions should be made to modify or correct the decree during the term of the court at which the decree is entered. In the case of Brooks v. Railroad Co., 102 U. S. 107, 26

L. Ed. 91, it was held that "a petition for a rehearing cannot be filed after the term at which the judgment was rendered." This opinion was delivered by Mr. Chief Justice Waite, for the court, and he cites a number of authorities to sustain his position. In the case of Central Trust Co. v. Grant Locomotive Works, 135 U. S. 224, 10 Sup. Ct. 736, 34 L. Ed. 97, the court holds that, where a decree is final, the court could not vacate it, by its own motion, after the close of the term, and cites McMicken v. Perin, 18 How. 507, 15 L. Ed. 504. In the case of Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267, it is held that a court which hears and disposes of a case "can grant a rehearing during the term at which the final decree was rendered, but not thereafter." Without further discussing the right of a party to file his petition for a rehearing after the term has elapsed at which the decree was rendered, I reach the conclusion that the circuit courts of the United States have no power to set aside their decrees in equity after the term at which they were rendered, when an appeal lies to the appellate court. This question has been so frequently before the supreme court of the United States, and it has been so universally settled that a court has no such power after the term has passed, that it would seem to be useless to cite all the cases that are to be found in the reports of the United States to sustain this position.

But it is claimed that the court should consider this petition in the nature and character of a bill of review. The first answer to this position is that it is a well-settled principle that a bill of review will not lie after the time for taking an appeal has passed. Thomas v. Brockenbrough, 10 Wheat. 146, 6 L. Ed. 287; Shelton v. Van Kleeck, 106 U. S. 532, 1 Sup. Ct. 491, 27 L. Ed. 269; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207–224, 10 Sup. Ct. 736, 34 L. Ed. 97. In this case, as we have seen, the time for an appeal had passed before the filing of the petitions. This would seem to dispose of the right to file the petition as a bill of review. But, if this were not so, a bill of review could only be entertained on two grounds— First, for mistakes apparent upon the face of the record; second, for after-discovered evidence. This principle has been settled so often by the highest courts of the country that it would hardly seem necessary to cite authority to sustain it. In the case of Nickle v. Stewart, 111 U. S. 776, 4 Sup. Ct. 700, 28 L. Ed. 599, in a very short opinion delivered by Mr. Chief Justice Waite, the court held that, a bill of review "showing no errors of law on the face of the record, and not alleging a discovery of new matter since the rendering of the decree, the court below properly refused leave to file it." In the case under consideration there is no pretense that there was error apparent upon the face of the record, under the pleadings in the cause, nor does it allege the discovery of new evidence since the rendering of the decree. The only ground set up is one of laches; that is, that the plaintiff in this action neglected to produce and set up his claim for $2,300 rent, which was royalty, while the property was in the hands of the receiver, and also a neglect upon the part of the receiver to make a report of the same, and lay it before the master who passed upon this case. This neglect or omission on the part of the plaintiff was his

own neglect. It was his duty to present all the claims that he had against the defendant company before the master, and to prove the same. After he neglected or omitted to do so, it is too late for the court to rectify an omission of that character after the rights of other parties had been adjudicated and settled by the decree. He would have just as much right to come before the court after all the funds had been distributed as he has now. It is true that there are funds in the registry of the court which the petitioners claim are under the control of the court. But it is a mistake to suppose the funds are under the control of the court. They have long since been appropriated and directed to be paid by the decree of the court to the creditors as ascertained by the master's report in this cause, and in the opinion of the court it would be error for it now to interfere with that decree. The fact that these funds had not been paid out, by reason of some disagreement between counsel as to the costs of the case (the clerk having been notified not to do so until that difficulty was settled), does not of itself confer jurisdiction upon the court to change or alter a decree which has passed beyond its control, and make a new distribution of this fund. The court has no power to alter or change a decree except under the rules governing a court of equity as prescribed by the supreme court for its action; and, as we have seen, the petition has been presented too late for the consideration of the court in that respect. In the case of Central Trust Co. v. Grant Locomotive Works, supra, the court, in delivering its opinion, referred to the case of Fosdick v. Schall, 99 U. S. 235, 25 L. Ed. 339, and used the following language: "There was a fund in court in that case, but in principle the orders here are the same;" and the court refused to interfere and disturb the decrees of the court, stating that no resistance upon the merits had been made, and no appeal from the decrees had been entered.

I regret that the matter is beyond the power of the court to consider this petition upon its merits, and to order another reference to the commissioner to report upon the validity of the claim that is set up by the plaintiff in this petition. Upon the petition filed by the receiver, I am of opinion that it was no part of his duty to lay the claim of the plaintiff before the commissioner. His duty was to manage and control the property as directed by the court under its decree. It does not appear that he was at any time charged with neglect or mismanagement of the property. The power conferred upon him required him to manage the property to the best interests of all concerned. He was "directed to take immediate charge of all the said property, assets, books, papers, and accounts, wherever the same be found; to collect all indebtedness due the defendants on account of or growing out of said business, and to care for and preserve all the said property until the further order of this court." In this respect he appears to have fully discharged his duty. He did not, under the decree, represent the plaintiff any more than he did the defendant company and its creditors. It was no part of his duty to file before the commissioner the claim under consideration. That was alone the duty of the plaintiff or his counsel or agent. It was not done. I cannot relieve the plaintiff, because of his laches, either upon his

own petition or that of the receiver, from the effect of the final decree in this cause. For the reasons assigned, the petition will be dismissed, without costs.