## BAILEY v. CRUMP.

### No. 2977.

Circuit Court of Appeals, Fourth Circuit.

June 10, 1930.

Martha Crump Bailey in pro. per.

L. I. Rice, of Martinsburg, W. Va. (H. H. Emmert and Emmert & Rice, all of Martinsburg, W. Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge.

The facts of this case, as we glean them from the record before us, are as follows: W. W. Crump died in Martinsburg, W. Va., on September 23, 1891, and an administrator was appointed for his estate. In 1899 an instrument was found purporting to be his will, and same was admitted to probate on June 5th of that year by the county court of Berkeley county, W. Va. By this instrument all of his property was given to his wife, Virginia Crump. On October 16, 1923, his sister, Mrs. Martha Crump Bailey, the appellant here, filed a petition with the circuit court of Berkeley county, W. Va., attacking the will on the ground that it was a forgery. A demurrer was filed to this petition and same was sustained by the judge of the circuit court, and thereafter the Supreme Court of Appeals of West Virginia denied an application for an appeal from this ruling.

Some time after the termination of proceedings in the state court, Mrs. Bailey began this suit in the court below, asking the same relief which she had sought in the state court. The defendant, Mrs. Crump, moved to dismiss the suit on the grounds: (1) That, as the suit related to the probate of a will, the courts of the United States were without jurisdiction to entertain it; (2) that the complainant, Mrs. Bailey, was barred by laches; and (3) that the judgment of the state court sustaining the demurrer constituted an estoppel upon the principle of res judicata. Judge Baker, without passing upon the other questions raised by the motion, dismissed the bill on the ground that complainant was estopped from maintaining the suit by the proceedings had in the state court.

The order dismissing the bill was entered on September 30, 1297, and Mrs. Bailey did not appeal from it. On August 16, 1929, however, nearly two years thereafter, she filed a petition asking that the order of dismissal be vacated and set aside and that she be granted the relief prayed in the bill. This petition was denied, and from the order denying same this appeal was taken.

There can be no question that the petition was properly denied. Apart from the fact that it alleged no facts which would have justified setting aside the order of dismissal, it came too late. Equity Rule 69 (28 USCA § 723), provides:

"Rule 69. Petition for Rehearing.— Every petition for a rehearing shall contain the special matter or cause on which such rehearing is applied for, shall be signed by

counsel, and the facts therein stated, if not apparent on the record, shall be verified by the oath of the party or by some other person. No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the Circuit Court of Appeals or the Supreme Court. But if no appeal lies, the petition may be admitted at any time before the end of the next term of the court, in the discretion of the court."

■■■ The order dismissing the bill was a final decree from which an appeal could have been taken to this court. The petition to set aside the order and reopen the case was in essence a petition for a rehearing; and as it was filed long after the term had expired, it could not be entertained. Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 224, 10 S. Ct. 736, 34 L. Ed. 97; Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267; Halstead v. Forest Hill Co. (C. C. W. Va.) 109 F. 820. Furthermore, an application for a rehearing is addressed to the sound discretion of the trial judge, and his action thereon, in the absence of abuse, is not reviewable by appeal. Escanaba Traction Company v. Burns (C. C. A. 6th) 257 F. 898; Daniel v. Mitchell, 1 Story 198, Fed. Cas. No. 3,563; Dexter v. Arnold, 5 Mason 303, Fed. Cas. No. 3,856.

There was no error, and the order appealed from is affirmed.

Affirmed.