BAHLKOW, Respondent, v. PRESTON et al, Appellants.

(251 N. W. 299.)

(File No. 7273.   Opinion filed December 5, 1933.)

E. B. *Harkin* and *F. W. Noll*, both of Aberdeen, for Appellants.

*Ryan, Sieh & Crane*, of Aberdeen, for Respondent.

POLLEY, J. This proceeding was here on appeal. The opinion of the court is reported in 60 S. D. 151, 244 N. W. 93, where a very complete statement of the facts involved will be found.

The Industrial Commissioner made and entered his award in favor of the plaintiff on the 7th day of October, 1930. Thereafter the defendants, without having made an application for a review of such award by the commissioner, took a purported appeal from such award to the circuit court. Such proceedings were had in the circuit court on such appeal that on the 27th day of March, 1931, a judgment was entered affirming the award of the commissioner. From such judgment the defendants took a purported appeal to this court. On the 30th day of August, 1932, an opinion was handed down in this court wherein the judgment appealed from was reversed on the ground that the injury complained of by plaintiff was not compensable under the Workmen's Compensation Act (Rev. Code 1919, § 9436 et seq., as amended), and ordered a dismissal of the proceeding. The failure of the defendants to apply for a review of the commissioner's award before appealing to the circuit court was not called to the attention of the circuit court, nor to this court, while the proceeding was pending in either of said courts. Subsequent to the filing of said opinion this court in the following cases and on the respective dates, to wit, Murray v. Stokke, 60 S. D. 224, 244 N. W. 265, September 16, 1932; Chizek v. Stainocher, 60 S. D. 502, 244 N. W. 895, November 1, 1932; Ackerman v. Winter, 60 S.D. 549, 245 N.W. 57, November 15, 1932; Proehl v. Kirsch, 60 S.D. 627, 245 N.W. 823, December 13, 1932, held that the making of an application for a review of the commission-

er's award was essential to give the circuit court jurisdiction on an appeal from such award; and that this court was equally without jurisdiction.

After the filing of the opinions in the above cases the plaintiff in this proceeding applied for and was granted an order directing defendants to show cause why the remittitur from this court to the clerk of courts of Brown county should not be recalled, and why the purported judgment and order of this court should not be vacated and set aside, "and judgment entered by this court vacating said unauthorized judgment as well as the judgment of the circuit court rendered herein upon appeal from the decision of the Industrial Commissioner, and why this cause should not be remanded by this court to the circuit court of Brown County, South Dakota, with directions to dismiss the attempted appeal." If this were done, plaintiff's award by the Industrial Commissioner would be left standing as a valid order; and, defendants having failed to take a valid appeal within the time allowed by law for taking such appeals, plaintiff would be in position to collect his award, notwithstanding the fact that the injury complained of is not compensable under the law.

██ It is contended by defendants that plaintiff's application should not be granted because of his laches. The position is well taken. The opinion was filed on the 30th day of August, 1932, and this application was not made until the 25th day of the following April, more than six months after the filing of the opinion of the court, and long after the expiration of the term of court during which the remittitur was sent down. But aside from the question of laches the application should not be granted. When a case is finally decided and the remittitur returned to the lower court, this court has terminated its jurisdiction of the cause except in cases of fraud, mistake, or inadvertence. This has been the rule followed by this court since the earliest days of its existence. In Wright v. Sherman, 3 S. D. 367, 53 N. W. 425, application for a rehearing was filed some three weeks after the remittitur had been sent down. The application was denied because the term of court during which the remittitur was transmitted had expired, citing Brooks v. Burlington & S. W. R. Co., 102 U. S. 107, 26 L. Ed. 91. In Dempsey v. Billinghurst, 8 S. D. 86, 65 N. W. 427, 428, this court say: "It is well settled, and, it would seem, could hardly be otherwise in prin-

ciple, that when the remittitur has gone down, without fraud, accident, or inadvertence, the appellate court has lost its jurisdiction of the case and cannot recall it"—citing Hayne on New Trial and Appeal, § 292 et seq., and In re Seydel's Estate, 14 S. D. 115, 84 N. W. 397, 398, it is said: "Unless by express provision of law, a court of last resort has no power to grant a rehearing after the remittitur has gone down, and all appellate courts lose jurisdiction over their decisions at the expiration of the term at which they are rendered"—citing Wright v. Sherman, 3 S. D. 367, 53 N. W. 425; Dempsey v. Billinghurst, 8 S. D. 86, 65 N. W. 427; Ogilvie v. Richardson, 14 Wis. 157; Grogan v. Ruckle, 1 Cal. 193; Caldwell v. Bruggerman, 8 Minn. 286 (Gil. 252); Sullivan v. Speights, 14 S. C. 358; Brooks v. Burlington & S. W. R. Co., 102 U. S. 107, 26 L. Ed. 91; 4 C. J. 1245.

We see no reason for deviating in this case from the well-established rule, and plaintiff's application is denied.

All Judges concur.