Félix Juan Serrallés Sánchez, Plaintiff and Appellant, *v.* Rafael Sancho Bonet, Treasurer of Puerto Rico, Defendant and Appellee.

Juan Eugenio Serrallés Sánchez, Plaintiff and Appellant, *v.* Rafael Sancho Bonet, Treasurer of Puerto Rico, Defendant and Appellee.

Nos. 7764 and 7765. Argued May 6, 1939.—Decided June 16, 1939.

*V. Zayas Pizarro,* for appellants. *B. Fernández García, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On July 28, 1938, it was decided that the appeals filed in these cases should be dismissed and they were dismissed as frivolous, whereby the judgments appealed from rendered by the District Court of Ponce on May 6, 1938, were affirmed. 53 P.R.R.——

On August 8, 1936, the mandate was sent to the district court and on February 6, 1939, that is, more than five months

later, the appellants filed motions praying that this Court order as follows:

"(A) that the District Court of Ponce return the mandates in these cases to this Court and after this is done:

"(B) This Court amend or explain its decision of July 28, 1938, in these cases, in a sense that the same continue their legal and ordinary proceedings before the District Court of Ponce; and

"(C) That this Court renders any other decision in accordance with the law or equity."

The appellee opposed the pretentions of appellants. In our opinion they are right because due to the time that has elapsed, this Court has no authority to order the return of the mandates and this would be the first step that must be taken to later decide the other petitions.

The proceedings in these cases followed the normal procedure. The district court itself dismissed the complaints by virtue of a demurrer alleging lack of jurisdiction presented by the defendant-Treasurer and deciding that the suits should be filed before the proper municipal court. An appeal was filed and this Supreme Court affirmed the judgments appealed from and within the time prescribed, the mandates were sent to the lower court, not through fraud, nor inadvertence, nor error, but acting deliberately and in accordance with the practice followed in all the cases.

The appellants did not even request a reconsideration of the judgments. It is five months later that they now act, when they were apprised of the decision of this Court in the case of *A. Cuesta and Cía., Succrs., v. Sancho Bonet, Treasurer,* 54 P.R.R. 82 and they think that the jurisprudence laid down in the same favors them.

This Supreme Court has constantly applied the rule that once the mandate has been sent to the lower court and in the absence of fraud, accident, inadvertence or error, its return cannot be ordered and it has refused to reconsider judgments which had been notified to the lower courts. See the cases of: *Falcó v. Succession Suau,* 18 P.R.R. 713;

*Royal Bank of Canada* v. *Goico, et al.,* 35 D.P.R. 1056; *González* v. *Sociedad Civil "Peña y Balbás",* 38 D.P.R. 1042 (R. N. These last two are per curiam decisions published only in the Spanish edition).; *Schlüter & Co.* v. *González et al.,* 38 P.R.R. 224; *Manrique* v. *Ramírez et al.,* 38 P.R.R. 482 and *Mojica* v. *District Court,* 49 P.R.R. 521. In the last two of these cases especially, the question is amply studied and jurisprudence from the courts of the continent is cited.

As it was said in the case of *Thomas* v. *Thomas,* 27 Okla. 801, 113 Pac. 1058, 35 L.R.A. (N. S.) 124, 133, cited in the case of *Mojica* v. *District Court,* supra:

" . . . It is manifest that there must be a finality somewhere in all litigation, and the logical point for the appellate jurisdiction to terminate over an action is that time when there is again vested in the trial court jurisdiction to proceed, carry out, and enforce any judgment delivered.

"A case similar to this is that of *Dempsey* v. *Billinghurst,* 8 S. D. 86, 65 N. W. 427. In the consideration thereof the supreme court of South Dakota said: ' . . . It is well settled, and, it would seem, could hardly be otherwise in principle, that, when the remittitur has gone down without fraud, accident, or inadvertence, the appellate court has lost its jurisdiction of the case, and cannot recall it.' Speaking to the same point, the supreme court of South Carolina in the case of *Carpenter* v. *Lewis,* 65 S. C. 400, 43 S. E. 881, said: 'The first question that will be considered is whether this court has jurisdiction to entertain the motion to recall the remittitur. Section 12 of the Code provides that "the supreme court may reverse, affirm, or modify the judgment, decree, or order appealed from, in whole or in part, and as to any or all of the parties, and the judgment shall be remitted to the court below to be enforced according to law." In the case of *Sullivan* v. *Speights,* 14 S. C. 358, the court says: "Under the rules of this court, when a case is heard here and determined, the remittitur to the court below is not sent down immediately, but it is retained in every case for ten days, unless the court direct otherwise. And on application showing sufficient cause, either of the justices, at chambers, may direct by order that it be further retained until the third day of the next session. The object of this is to reverse jurisdiction over the case, so that, should either of the parties desire to make any motion in reference thereto, they

might have the opportunity to do so, and the court the power to hear it. After the remittitur, however, is sent down, the case passes beyond the reach of the court, and its jurisdiction is lost, and no motion can be heard by this court . . .'' ' ''

It now appears convenient to consider that although the motions which we are considering are not entitled motions for reconsideration, that is in fact what they are. They go to the substance of the case. The amendment which is requested consists in ordering a court that has no jurisdiction to continue, notwithstanding that fact, to hear the cases and decide them on their merits because the complainants had been led into error by certain jurisprudence which they state was in force at the time they filed their complaints.

The motions should be denied.