LESMEISTER, Respondent v. DEWEY COUNTY et al., Appellants

(65 N. W.2d 136)

(File No. 9343. Opinion filed June 29, 1954)

**Arend E. Lakeman,** Mobridge, for Plaintiff and Respondent.

**W. M. Potts,** Mobridge, for Defendants and Appellants.

SICKEL, J. This action involved the validity of a tax deed in Dewey County. The circuit court decided that the deed was valid and defendants appealed. This court decided that notice to redeem was not given as required by statute, and reversed the judgment on September 25, 1953. Lesmeister v. Dewey County 75 S.D. 137, 60 N.W.2d 216. Respondent did not petition for a rehearing, and the remittitur was returned after the expiration of twenty days from the entry of judgment in this court. On April 22, 1954 respondent petitioned for an "* * * order to show cause by the remittitur * * * should not be recalled for rehearing and vacation of the erroneous judgment rendered" in this court. It is claimed that this court was without jurisdiction to consider the case on appeal, and that the judgment of this court was rendered by accident, mistake and inadvertence.

The facts, as they appear from the affidavits submitted on this motion, are as follows: On January 4. 1952, notice of entry of the judgment in the circuit court was served upon the plaintiff. On June 2, 1952, plaintiff died leaving as his heirs his widow and six children, four of whom were minors and all of whom acquired an interest in the land under the will of decedent. Notice of appeal was never served upon the plaintiff. After plaintiff's death service of the notice of appeal was admitted by his attorney of record and later an administrator was appointed, but no substitution for the party plaintiff was ever made. The question of jurisdiction was not presented on appeal, and the case was disposed of in this court on the assumption that issues not presented did not exist.

It has long been the rule in this court that when a case is finally decided and the remittitur has been returned to the lower court, this court cannot recall it except in case of fraud, mistake or inadvertence. Bahlkow v. Preston, 62 S.D. 36, 251 N.W. 299. It is not claimed in this case that any fraud was practiced upon the court and there was no mistake or inadvertence on the part of the court in its disposition of the case on the issues presented.

Motion denied.

All the Judges concur.